376 A.2d 644

**Hugh H. HART, Administrator of the Estate of Hugh Hart, Deceased, Appellant in No. 1187,**

**Charles Laphen, Administrator of the Estate of Maureen Laphen, Deceased, Appellant in No. 2008,**

v.

**Dennis McCOLLUM and Caroline McCollum and Face, Inc., t/a Earlton Bowl Lounge and Uncle Al's.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1976.

Decided June 29, 1977.

Marshall E. Kresman, Philadelphia, for appellant at No. 1187.

James E. Colleran, Philadelphia, submitted a brief for appellant at No. 2008.

Charles W. Craven, Philadelphia, with him E. Paul Maschmeyer, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant-Hart filed a complaint in trespass in the Court of Common Pleas of Philadelphia County on November 13, 1975. On January 8, 1976, appellant-Laphen filed a complaint raising issues identical to those raised by Hart. Thereafter, appellees filed preliminary objections in which they challenged the exercise of *in personam* jurisdiction based on the Pennsylvania Long Arm Statute, Act of November 15, 1972, P.L. 1063, No. 271, §§ 8301 et seq., eff. Feb. 13, 1973; 42 Pa.C.S. §§ 8301 et seq. On February 18, 1976, the lower court granted appellees' preliminary objections and dismissed appellant-Hart's complaint without leave to amend. The court dismissed Laphen's complaint on June 10, 1976. Appellant contends that the lower court erred in so ordering. We agree, and, therefore, reverse that order.

In their complaints, appellants made the following allegations: Defendants Face, Inc., and "Uncle Al's", ("defendants", hereinafter), trading as Earlton Bowl Lounge, ("the Lounge", hereinafter), were New Jersey corporations doing "continuous and substantial business within the Commonwealth of Pennsylvania." "Through 1973 and 1974 and beyond, said Defendants advertised on an almost continual daily basis in the Philadelphia Daily News and other publications within the Commonwealth of Pennsylvania to induce Commonwealth residents to patronize their establishment, the Earlton Bowl Lounge on Kings Highway in Cherry Hill, New Jersey." They alleged specifically that "by reason of

said advertising, and the reputation attained by the [Lounge] by such advertising," the defendants induced the decedent and defendant Dennis McCollum, ("McCollum," hereinafter), under-aged drinkers in Pennsylvania, to come to the Lounge to drink. In fact, the decedent and McCollum did so on January 10, 1975. As a result, McCollum, who drove to the Lounge, became visibly intoxicated. Despite that fact, the defendants carelessly and negligently continued to serve the youth.[1] Consequently, McCollum was involved in an accident that resulted in the death of appellant-Hart's son and appellant-Laphen's daughter.[2]

In both cases, defendants filed preliminary objections in which they alleged *inter alia:*

"2. Defendant is not now, nor has it ever been doing business in Pennsylvania so as to make it amenable to service of process.

"3. The Courts of Pennsylvania have no jurisdiction over the defendant.

"4. Defendant has no office or place of business in Philadelphia County nor in any other county in Pennsylvania.

"5. Plaintiff's cause of action did not arise from any activity of defendant within the Commonwealth.

"6. Defendant's contacts with the Commonwealth of Pennsylvania are so attenuated as to make the exercise of jurisdiction patently unreasonable and in violation of both the Pennsylvania 'Long-Arm' Statute [supra] . . . and the Fourteenth Amendment of the United States Constitution." Finally, the lower court sustained defendants' prelim-

---

1. Appellants pleaded in the alternative that defendants "recklessly and wantonly permitted Dennis McCollum to become intoxicated and, when visibly intoxicated, continued to serve him alcoholic beverages, which were the proximate cause of the injuries and resultant death of the Decedent."

2. Appellants also alleged that Dennis McCollum, the decedents' eighteen year-old companion at the time of his death and the driver of the automobile involved in the accident, was negligent and named McCollum as a defendant. The lower court's order did not involve that cause of action.

inary objections and dismissed the complaint in each action. This appeal followed.[3]

Appellants contend that jurisdiction was proper under our long-arm statute. Section 8302 provides that a foreign corporation "which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept . . . service of process in any action arising within this Commonwealth." In turn, § 8309 defines "doing business" as follows:

"(a) . . . Any of the following shall constitute 'doing business' for the purposes of this chapter:

"(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

"(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

"(3) The shipping of merchandise directly or indirectly into or through this Commonwealth.

"(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

"(5) The ownership, use or possession of any real property situate within this Commonwealth.

"(b) Exercise of full constitutional power over foreign corporations.—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and

---

3. Although the two actions moved separately through the lower court, the cases were consolidated for purposes of this appeal pursuant to our per curiam order entered on June 30, 1976. It was further stipulated that counsel for appellant-Hart would submit a brief and argue for both appellants.

the powers exercised by them to the fullest extent allowed under the Constitution of the United States."

Because § 8309(b) makes the statutory reach co-extensive with requirements of due process under the Fourteenth Amendment of the United States Constitution, we must decide whether defendants had sufficient contacts with this forum to make the exercise of jurisdiction constitutionally permissible.[4] See *Kitzinger v. Gimble Brothers, Inc.*, 240 Pa.Super. 345, 368 A.2d 333 (filed April 22, 1976); *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974).

Our inquiry begins with the broad framework enunciated by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). As stated in *International Shoe*, ". . . due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316, 66 S.Ct. at 158. That broad statement was modified somewhat in *Hanson v. Denckla, supra* 357 U.S. at 253, 78 S.Ct. at 1240; ". . . it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State thus invoking the benefits and protections of its laws."

■ "Minimum contacts" and "fair play and substantial justice" are not self-defining terms; we look, therefore, to our case-law for guidelines for determining whether "minimum contacts" are present in a given case. See *Campbell v. Triangle Corp.*, 336 F.Supp. 1002 (E.D.Pa.1972); *Kitzinger v. Gimbel Brothers, Inc., supra; Action Industries, Inc. v.*

4. Arguably, we could reach the same result under § 8309(a)(1) or (2). We do not decide this question for two reasons. First, appellants have not advanced that theory; and, second, we believe that § 8309(b) and cases decided under that section are dispositive.

*Wiedman*, 236 Pa.Super. 447, 346 A.2d 798 (1975); *Proctor & Schwartz, Inc. v. Cleveland Lumber Co., supra.* More specifically, we noted in *Proctor & Schwartz*, 228 Pa.Super. at 19, 323 A.2d at 15: "First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. *Hanson v. Denckla, supra.* Secondly, the cause of action must arise from defendant's activities within the forum state. *See Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374 (6th Cir. 1968); *Electric Regulator Corp. v. Sterling Extruder Corp.,* 280 F.Supp. 550 (D.Conn.1968). Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. *International Shoe Co. v. Washington, supra; see also In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir. 1972); *Kourkenc v. American BBR, Inc.,* 313 F.2d 769 (9th Cir. 1963)."

█ Defendants certainly "availed [themselves] of the privilege of acting within" Pennsylvania. They contracted with one of Philadelphia's major newspapers for the specific purpose of making citizens of this Commonwealth aware of their facilities. Their actions invoked "the benefits and protections" of our laws. As noted in *In-Flight Devices Corp. v. Van Dusen Air, Inc., supra* at 226, this requirement is designed simply "to avoid the situation where the 'unilateral activity' of the plaintiff can drag an unsuspecting and unwilling defendant into a foreign forum." It is clear that defendants' actions had a "realistic impact" in this forum and that the defendants "should have reasonably foreseen that the transaction would have consequences" in Pennsylvania. *Southern Machine Co. v. Mohasco Industries, Inc., supra* at 382–83.

Next we consider whether the exercise of jurisdiction over defendants is reasonable. The Sixth Circuit has articulated several considerations which are helpful in resolving this question: first, whether the defendant has initiated and vigorously pursued the transaction; second, whether there is a "sense of surprise" if the court exercises jurisdiction over the foreign corporation; and third, whether the transactions

in the forum state are numerous and meaningful. *In-Flight Devices Corp. v. Van Dusen Air, Inc., supra.* See also, *Kourkenc v. American BBR, Inc., supra.*

We conclude that exercise of jurisdiction in this forum is reasonable. According to appellants' complaints, the defendants "advertised on an almost continual and daily basis" in Philadelphia area papers and intended to make under-aged drinkers in Pennsylvania aware of the opportunities available at the Lounge. These contacts are meaningful and substantial.

Finally, we must decide whether "the cause of action . . [arose] from defendant's activities within the forum state." Appellants have specifically alleged that the decedent saw the defendants' advertisements and went to the Lounge because of that advertising campaign. Thus, in a meaningful manner, appellants' cause of action arose from defendant's activity in this forum. Moreover, the ads contemplated inducing patrons to drive to and from New Jersey to use the Lounge. That is, the ads induced the very act which led to the accident.

Appellants' pleading raised allegations which make the jurisdiction in Pennsylvania proper. Therefore, we must reverse the order of the lower court and remand for reinstatement of appellants' complaints.

JACOBS and PRICE, JJ., concur in the result.

VAN der VOORT, J., dissents.