405 A.2d 959

**Douglas D. DAVIS**

v.

**C & NW TRANSPORTATION CO.**

**Appeal of AUTO RELEASING, INC.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 1978.

Decided June 6, 1979.

Stanley E. Levine, Pittsburgh, for appellant.

Thomas L. Cooper, Pittsburgh, for appellee Douglas D. Davis.

Aloysius F. Mahler, Pittsburgh, for appellee C & NW Transportation Co.

Before CERCONE, President Judge, and WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

The question here is whether a foreign corporation submits itself to *in personam* jurisdiction under the Pennsylvania long arm statute, in a suit arising from its alleged negligence, by the mere act of loading, in a foreign state, a railroad car ultimately consigned to a Pennsylvania destination, when that corporation had no control over, or ownership of, the car or goods loaded, and performed its loading services only at the direction of another. The court below decided that question in the affirmative. We reverse.

On December 6, 1976, appellee Davis was employed by the Reliable Railroad Service Company in Pitcairn, Pennsylvania. He was unloading a shipment of automobiles from the railroad cars which had been previously loaded by appellant Auto Releasing, Inc. (Auto Releasing) in Illinois. While

Davis was climbing along the side of one of the railroad cars in the course of his unloading duties, a metal cable which was supporting him broke, causing him to fall to the ground and sustain injuries. The Complaint alleges that Auto Releasing and defendant C & NW Transportation Company (C & NW) either owned or loaded the railroad car in question and were jointly and severally responsible for the accident because (1) they were negligent in failing to inspect and maintain the railroad car; (2) the railroad cars provided were in unsafe condition, in that the metal cable was rusted and worn; and (3) the railroad cars so provided were defective and unreasonably dangerous, and defendants were strictly liable therefor.

Auto Releasing filed preliminary objections to plaintiff's complaint, alleging that the court below did not have *in personam* jurisdiction over it. The objections were overruled, and Auto Releasing brings this appeal.

██ The Pennsylvania Long Arm Statute in effect at the commencement of the instant action provides:

> Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designed the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth.

42 Pa.C.S. § 8302(a).

Although section 8309(a) enumerates specifically five activities as constituting "doing business," for purposes of 42 Pa.C.S. § 8302(a),[1] the court below relied on section 8309(b):

> In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Com-

---

1. 42 Pa.C.S. §§ 8301–8311 were repealed effective June 27, 1978, and replaced by 42 Pa.C.S.A. §§ 5321–5329. This action is governed by the former, since they were in effect at its commencement. *See Monroeville Land Co. v. Sonnenblick-Goldman Corp. of Western Pa.*, 247 Pa.Super. 61, 67, 371 A.2d 1326, 1329 (1977).

monwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States.

42 Pa.C.S. § 8309(b). Judicial jurisdiction allowed by state statute is limited in scope by the Due Process Clause of the United States Constitution's Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. *See Shaffer v. Heitner*, 433 U.S. 186, 198–200, 97 S.Ct. 2569, 2577, 53 L.Ed.2d 683 (1977). It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer v. Neff*, 95 U.S. 714, 732–733, 24 L.Ed. 565, 572 (1878); *International Shoe Co. v. Washington*, supra, 326 U.S. [310] at 316, 66 S.Ct. [154] at 158, 90 L.Ed. 95. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313–314, 70 S.Ct. 652, 656–657, 94 L.Ed. 865 (1950), and a sufficient connection between the defendant and the forum State as to make it fair to require defense of the action in the forum. *Milliken v. Meyer*, 311 U.S. 457, 463–464, 61 S.Ct. 339, 342–343, 85 L.Ed. 278 (1940) . . .

[T]he constitutional standard for determining whether the State may enter a binding judgment . . . is that set forth in this Court's opinion in *International Shoe Co. v. Washington*, supra: that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316, 66 S.Ct. [154] at 158, quoting *Milliken v. Meyer*, supra, 311 U.S. at 463, 61 S.Ct. [339] at 342. While the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are of course to be considered, see *McGee v. International Life Insurance*

*Co.,* 355 U.S. 220, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) an essential criterion in all cases is whether the "quality and nature" of the defendant's activity is such that it is "reasonable" and "fair" to require him to conduct his defense in that State. *International Shoe Co. v. Washington,* supra, 326 U.S. at 316–317, 319, 66 S.Ct. [154] at 158, 159. Accord, *Shaffer v. Heitner,* supra, 433 U.S. at 207–212, 97 S.Ct. [2526] at 2581–2584; *Perkins v. Benguet Mining Co.* 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952).

Like any standard that requires a determination of "reasonableness," the "minimum contacts" test of *International Shoe* is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present. *Hanson v. Denckla,* 357 U.S. 235, 246, 78 S.Ct. 1228, 1235, 2 L.Ed.2d 1283 (1958). We recognize that this determination is one in which few answers will be written "in black and white. The greys are dominant and even among them the shades are innumerable." *Estin v. Estin,* 334 U.S. 541, 545, 68 S.Ct. 1213, 1216, 92 L.Ed. 1561 (1948). *Kulko v. Calif. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). *See Also Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 16, 323 A.2d 11, 13–14 (1974). "[I]t is essential in each case that there be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958); *Kulko v. Superior Court of California,* supra. *See Hart v. McCollum,* 249 Pa.Super. 267, 273, 376 A.2d 644, 647 (1977); *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* supra.

In the case before us, the Constitution of the United States prevents *in personam* jurisdiction over Auto Releasing, because that corporation cannot be said to be "doing business" in Pennsylvania within the meaning of section 8302 of the Long Arm Statute. We agree with the lower

court's conclusion that Auto Releasing has engaged in none of the activities enumerated in section 8309(a), but we disagree with and reverse its conclusion that the courts of Pennsylvania have jurisdiction *in personam* over Auto Releasing by dint of section 8309(b).

Auto Releasing is an Illinois corporation and is not registered to do business in Pennsylvania nor has it ever done business in Pennsylvania. It maintains no office or place of business in Pennsylvania. In loading the automobiles onto the railroad car, it acted as an independent contractor. The automobiles were loaded in Illinois onto railroad cars belonging to C & NW. C & NW then shipped the cars to Chicago, where they were shipped further east in trains operated by the Consolidated Rail Corporation. Auto Releasing had no control over the respective destinations of the railroad cars which it loaded. Its only responsibility was to load certain automobiles onto certain railroad cars as directed by Chrysler Corporation (the shipper of the automobiles) and C & NW. Once loaded, the railroad cars passed completely from Auto Releasing's control.

Appellant has not purposefully availed itself of the benefit and protections of Pennsylvania laws. The word "purposefully" connotes intent,[2] and the evidence upon which the court below relied shows no intentional acts whereby Auto Releasing has submitted itself to the jurisdiction of Pennsylvania courts.[3] Appellant, as noted above, is not a Pennsylvania corporation, has never solicited or advertised for busi-

---

**2.** The respective dictionary definitions of "purposefully" and "purposely" are substantially identical, *see Webster's Third New Int'l Dictionary 1874,* and "purposely" has been given a meaning equivalent to "intent". *See* 35A Words and Phrases 322–25 (1963) and authority cited therein.

**3.** Pa.R.Civ.P. 1028(c), pertaining to preliminary objections, requires that, "[i]f an issue of fact is raised, the court shall take evidence by depositions or otherwise." "Evidence" in the instant case was apparently taken "otherwise," by means of the Affidavit of counsel for Auto Releasing. Appellee did not file an answer or object to the procedure employed; the issue is therefore waived. We therefore consider the Affidavit as the factual basis for the resolution of this matter.

ness in Pennsylvania, and has never otherwise "purposely availed itself of the privilege of doing business within the Commonwealth." It shipped no goods, but rather in this case performed services on a contract basis for Chrysler Corporation. These services were performed entirely within a foreign state, and the contract had no connection with Pennsylvania. The evidence submitted here shows only one instance of a railroad car loaded by appellant arriving in Pennsylvania. Although the court below stated, in its opinion, that "it seems that the number of railroad cars loaded for shipment to Pennsylvania must be substantial, and that the success of Auto Releasing's business depends upon there being a substantial volume of such shipments[,]" (emphasis added) it is clear from the underscored words that this was mere speculation and conjecture on the court's part which does not amount to a finding of fact or an inference reasonably drawn therefrom. Indeed, there could be no such finding or inference on the evidence presented.

 The facts in the case before us thus fail to support a finding that the first requirement of the "minimum contacts" analysis of *Proctor & Schwartz* has been met.[4] This requirement is, as stated in *Hanson v. Denckla,* supra, that "the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws." 228 Pa.Super. at 19, 323 A.2d at 15.

Appellant did not own the railroad car in question, and had no control over its destination, although it may have been aware that it would eventually be part of a train bound for Pennsylvania. According to the evidence, appellant's responsibility for the cars ended when the cars were removed by defendant C & NW from the place of loading. The arrival in Pennsylvania of a single railroad car loaded by appellant in Illinois is merely a peripheral occurrence

4. Even though *Proctor & Schwartz* was strictly limited to its facts, *see* 228 Pa.Super. at 22, 323 A.2d at 17, the test articulated therein was quoted with approval as controlling in *Hart v. McCollum,* supra, which case was not so limited.

which does not amount to the invocation by appellant of the privileges of doing business in Pennsylvania. *See Chittenden Trust Co. v. LaChance,* 464 F.Supp. 446 (D.Vt.1979); *Kerrigan v. Clarke Gravely Corp.,* 71 F.R.D. 480 (M.D.Pa. 1975).

 The lower court's conclusion that *in personam* jurisdiction over appellant exists on the facts of this case gives offense to "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* supra, 326 U.S. at 316, 66 S.Ct. at 158. The court, in its opinion, noted also that the plaintiff is a resident of Pennsylvania, that appellant has been "ably represented" by local counsel, and that the witnesses to the accident and the treating physician are from Pennsylvania. However, considerations of forum convenience and the interest analysis applied to choice of law problems and are not conclusive on issues of jurisdiction. *Vencedor Mfg. Co. v. Gougler Industries, Inc.,* 557 F.2d 886, 890 (1st Cir. 1977).

The order of the court below is vacated and appellee's complaint dismissed as to appellant only.

CERCONE, President Judge, concurs in the result.