407 A.2d 443

**BEV–MARK, INC., d/b/a Tuboy Trucking Company, and Polar Transport, Inc. and Mark L. Feldman**

v.

**SUMMERFIELD GMC TRUCK CO., INC. and Peterbilt Motors Co. and Consolidated Equipment Corporation.**

**Appeal of SUMMERFIELD GMC TRUCK CO., INC.**

Superior Court of Pennsylvania.

Argued March 22, 1979.

Decided July 13, 1979.

Charles B. Burr, II, Philadelphia, for appellant.

Peter McCausland, Norristown, for appellees Bev-Mark, Inc., Polar Transport, Inc. and Feldman.

Before VAN der VOORT, HESTER and WIEAND, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County dismissing the preliminary objections of the appellant, which challenged the in personam jurisdiction of the court.

The action below was initiated to recover for personal injuries and property damage resulting from the breakdown of a tractor-trailer unit in Pennsylvania.

In October of 1974, appellee Feldman was driving a tractor owned by appellee Bev-Mark, near Gary, Indiana, when he felt the rear of the tractor sway. An inspection revealed that the spring hangar bolts were loose. This was repaired the same day at the Summerfield GMC Truck garage (appellant herein), located immediately adjacent to Interstate 80–94 in Gary, Indiana.

Three weeks later (October 30, 1974), appellee Feldman was driving the same tractor to haul a trailer owned by appellee Polar, on Interstate 80 in Pennsylvania, when suddenly the trailer swayed to the right off the road and overturned, causing personal injuries to appellee Feldman as well as damages to the tractor, trailer and the merchandise in the trailer. Appellees initiated the instant action in March of 1976 naming as defendants the manufacturer of the tractor, the retail seller and appellant, who serviced the truck.

Appellant filed preliminary objections challenging the in personam jurisdiction of the court. The court dismissed the objections and an appeal was taken to this court. On August 24, 1977, we remanded the action to the lower court for development of the record.

After depositions were taken and interrogatories answered, the lower court again dismissed appellant's objections and thus this appeal.

The lower court in dismissing appellant's objections found that sufficient "minimum contacts" had been established under the Pennsylvania Long Arm Statute, Act of November 15, 1972, P.L. 1063, No. 271, §§ 8301 et seq., 42 Pa.C.S.A. §§ 8301, et seq. (now found in the "Judicial Code" 42 Pa.C.S.A. §§ 5322–23) to allow exercise of "in personam" jurisdiction of appellant.

Appellant contends that its conduct, upon which the exercise of jurisdiction is based, was no more than an isolated incident, clearly insufficient to sustain the court's exercise of jurisdiction.

The preliminary objections alleged that appellant had no office or place of business in any county in Pennsylvania; that the cause of action did not arise from any activity of appellant in this state; that appellant is not registered to do business and has no real or personal property of any kind in Pennsylvania; that appellant has no offices, managing or general agents authorized by appointment or by law to receive service of process in Pennsylvania; that appellant or its agents, have not committed any tortious acts within the Commonwealth of Pennsylvania, and that appellant has not caused any harm within Pennsylvania.

Under § 8302 of the Pennsylvania Long Arm Statute, supra, a foreign corporation:

"which shall have *done any business* in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept . . . service of process in any action arising within this Commonwealth." (Emphasis supplied)

§ 8309 defines "doing business" as follows:

"a) . . . Any of the following shall constitute 'doing business' for the purposes of this chapter:

"(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

"(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

"(3) The shipping of merchandise directly or indirectly into or through this Commonwealth.

"(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

"(5) The ownership, use or possession of any real property situate within this Commonwealth.

"(b) Exercise of full constitutional power over foreign corporations.—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States."

The complaint alleged only that "defendants, or some of them do business in Philadelphia, Pennsylvania." (R.7a–pgh. 8)

We see no subsection of § 8309(a) which would permit the exercise of jurisdiction over appellant.

However, § 8309(b) has made the *reach* of our Long Arm Statute co-extensive with requirements of due process under the Fourteenth Amendment of the United States Constitution. Thus we must determine whether appellant had sufficient minimum contacts with this forum to make the exercise of jurisdiction constitutionally permissible. *Garfield v. Homowack Lodge, Inc.*, 249 Pa.Super. 392, 378 A.2d 351 (1977); *Hart v. McCollum*, 249 Pa.Super. 267, 376 A.2d 644 (1977); *Procter & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974).

Relying on *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 158, 90 L.Ed. 95 (1945); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) and their progeny, our court in *Procter & Schwartz, Inc.*, supra, developed certain guidelines for determining whether "minimum contacts" are present in a given case:

"*First*, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, supra. *Secondly*, the cause of action must arise from defendant's activities within the forum state. *See Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968); *Electric Regulator Corp. v. Sterling Extruder Corp.*, 280 F.Supp. 550 (D.Conn.1968). *Lastly*, the acts of the defendant must have a substantial enough

connection with the forum state to make the exercise of jurisdiction over it reasonable. *International Shoe Co. v. Washington,* supra; *see Southern Mach. Co. v. Mohasco Indus., Inc.,* supra; *see also In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir. 1972); *Kourkene v. American BBR, Inc.,* 313 F.2d 769 (9th Cir. 1963)." (*Id.,* 228 Pa.Super. 12, 323 A.2d 15) (Emphasis supplied)

We believe that the application of the above guidelines to the factual situation elicited below requires us to reverse the order of the lower court.

Here it is not clear that appellant "purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws."

The record shows that although located near Interstate 80 in Indiana, appellant did not solicit customers from Pennsylvania and less than .006% of its rendered services were on trucks having Pennsylvania license plates. We see no conduct on the part of appellant in Pennsylvania which invoked the benefit or protection of our laws. This is not a case where products or merchandise was shipped in interstate commerce where the shipper could reasonably expect that such products would enter the forum state." See *Parise v. AAA Warehouse Corporation,* 384 F.Supp. 1075 (W.D.Pa. 1974); *Aqarium Pharm., Inc. v. Industrial Press and Pack Co.,* 358 F.Supp. 441 (E.D.Pa.1973); *Benn v. Linden Crane Co.,* 326 F.Supp. 995 (E.D.Pa.1971).

We do not believe that appellant should have " 'reasonably foreseen that the transaction would have consequences' in Pennsylvania." (Cf. *Hart v. McCollum,* 249 Pa.Super. 267, 376 A.2d 644 (1977).

Secondly, we do not see that the cause of action arose as a result of appellant's actions within Pennsylvania.

Appellant had a distributorship for Peterbilt trucks—to sell new and to perform repairs in the geographic area of northern Indiana. Peterbilt included in all new trucks a brochure which indicated where the trucks could be serviced in any particular area of the country. Appellant was listed

under "Indiana". Appellee and the lower court point to these factors and conclude that appellant was part of the nationwide system of marketing and sales of the Peterbilt corporation and thus Peterbilt's marketing in Pennsylvania attached to appellant.

In *Hart v. McCollum,* supra, we found that jurisdiction properly attached where a New Jersey bar continuously advertised in Philadelphia papers:

> Finally, we must decide whether "the cause of action . . . [arose] from defendant's activities within the forum state." Appellants have specifically alleged that the decedent saw the defendants' advertisements and went to the Lounge because of that advertising campaign. Thus, in a meaningful manner, appellants' cause of action arose from defendant's activity in this forum. Moreover, the ads contemplated inducing patrons to drive to and from New Jersey to use the Lounge. That is, the ads induced the very act which led to the accident. (*Id.,* 249 Pa.Super. 267, 376 A.2d 648)

Instantly, we cannot so conclude. Any activities attributed to appellant within Pennsylvania cannot attach to the cause of action. Here the truck, from Massachusetts, had a breakdown in Gary, Indiana; the driver (one of the appellees) had his truck repaired there and subsequently broke down in Pennsylvania where injuries and damages were sustained. This is not a case where marketing, advertisement or sales within Pennsylvania "induced the very act which led to the accident."

Thirdly, we would consider the exercise of jurisdiction *here,* totally unreasonable.

The transaction between appellant and appellee was neither instituted by appellant nor "vigorously pursued." Appellant had no program of intense solicitation for customers here. They do admit to having customers in Pennsylvania, however the deposition revealed only one customer in the past several years. Appellee argues that because of its proximity to the Interstate and the fact that it had five or six huge billboards on I–80, this constituted solicitation of

customers traveling in interstate commerce, and appellant could reasonably expect some to be from Pennsylvania. However, these were not "contacts" within the forum state. Appellee was from Massachusetts. There is nothing to indicate that any contact with "Pennsylvania" by appellant influenced appellee to patronize appellant.

However, we have held that where corporate activities and operations were of such a continuous and substantial nature within a state that they would justify an exercise of jurisdiction against it on a cause of action entirely distinct from those activities. *Bork v. Mills*, 458 Pa. 228, 329 A.2d 247 (1974).

We find no such substantial continuous course of operation or business dealing by appellant within Pennsylvania such as to justify an exercise of jurisdiction. Appellant has no offices, does not own any property and has no assets at all in Pennsylvania. It has no employees operating exclusively in Pennsylvania. We find a complete lack of quantity and quality of business dealings by appellant in Pennsylvania.

We find this case analogous to *Knapp v. Franklin Couch Company*, 365 F.Supp. 305 (W.D.Pa.1973) wherein the court stated:

> This court is not prepared to say that the making of a faulty repair by an automobile dealer and garage in western Ohio, 225 miles from the Pennsylvania border, to a vehicle bearing Indiana license plates, being an isolated instance, should in and of itself subject such automobile garage to service in Pennsylvania. (id. at 309)

Thus we find no basis for an exercise of jurisdiction over appellant pursuant to 42 Pa.C.S.A. § 8309.

Order of lower court reversed and appellant's preliminary objections sustained and the service of process under 42 Pa.C.S.A. § 8302 effected against appellant is declared null and void.