## Naro v. Chandler

*Jan Kuha,* for plaintiff.
*Dorrance Belin,* for defendant.

KOSIK, *P.J.,* July 11, 1980—This matter has come before the court on the preliminary objections of defendant Robert Chandler challenging the court's in personam jurisdiction over him. The dealings between the two parties began when plaintiff, Angelo Naro, read an advertisement in the "Hemmings Motor News" placed by defendant, Robert Chandler, for the sale of a 1956 Thunderbird automobile. Plaintiff called defendant in Florida and entered into negotiations with him to purchase the vehicle. Although he never traveled to Florida to see the automobile, Naro agreed to buy the car for approximately $11,000. He has brought this action to recover for breach of warranties made in this sale.

Defendant has filed preliminary objections raising questions of jurisdiction and venue. Chandler,

who is a resident of Florida, maintains that he has never had sufficient contact with Pennsylvania for the courts of this Commonwealth to obtain jurisdiction over him, in violation of his due process rights under the United States Constitution. Depositions have been taken of both parties to provide further details of the circumstances involved in this case.

## DISCUSSION AND CONCLUSIONS

1. Applicability of Long-arm Statute

The first question presented by this case is whether defendant's conduct was within the relevant provisions of the long-arm statute, Uniform Interstate and International Procedure Act, 42 Pa.C.S.A. §§5321-5329, formerly 42 Pa.C.S.A. §8301-8311, and previously 12 P.S. §341 et seq. The statute, in its present form, permits our courts to exercise jurisdiction over nonresidents who have taken any of several different actions, including "(a)(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." 42 Pa.C.S.A. §5322. We are satisfied that defendant in the present case falls within the scope of this provision. In Action Industries, Inc. v. Wiedeman, 236 Pa. Superior Ct. 447, 346 A. 2d 798 (1975), the court, interpreting the predecessor of this statute, held that where telephone calls originating outside the Commonwealth allegedly conveyed false information to a plaintiff in Pennsylvania, the long-arm statute would support personal jurisdiction over defendant. Plaintiff cites Moffitt v. Wallace, 430 F. Supp. 1133 (E.D. Pa. 1977), where the court dismissed the action for lack of jurisdiction in a suit to recover arrearages on

a promissory note. As in the present case, defendant in Moffitt had never come into Pennsylvania and all transactions were by mail and telephone. However, that case relied upon a distinction made by the Third Circuit in Witt v. Scully, 539 F. 2d 950 (3d Cir. 1976), where the court ruled that the "action outside of the Commonwealth" must be affirmative misconduct rather than mere nonfeasance. The Moffitt court refused to exercise jurisdiction because nonfeasance, i.e., nonpayment of debt, was insufficient to furnish a basis for jurisdiction. In the present case, the complaint alleges misrepresentations by defendant in communications from Florida to Pennsylvania. The allegations of breach of warranty state a case of affirmative misconduct that would indicate that defendant caused harm in the Commonwealth by his actions outside Pennsylvania. Furthermore, the 1978 statute has been broadened to include not only acts but also "omission[s]." 42 Pa.C.S.A. §5322(a)(4). We must conclude that the long-arm statute supports in personam jurisdiction over defendant.

2. Due Process Analysis

We must next determine whether the exercise of jurisdiction complies with due process of law. The courts have set forth certain guidelines to aid in analysis of whether defendant has the requisite "minimum contacts" with the forum state in accordance with International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). These standards were articulated in Proctor & Schwartz v. Cleveland Lumber Co., 228 Pa. Superior Ct. 12, 19, 323 A. 2d 11, 15 (1974), as follows:

"First, the defendant must have purposefully availed itself of the privilege of acting within the

forum state thus invoking the benefits and protection of its laws. . . . Secondly, the cause of action must arise from defendant's activities within the forum state. . . . Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. . . ."

Although in some cases the courts have been more reluctant to assume jurisdiction over nonresident individuals than over foreign corporations, this distinction has not been utilized when the individual has done something for the purpose of making a profit: Monroeville Land Co., Inc. v. Sonnenblick-Goldman Corp. of W. Penna., 247 Pa. Superior Ct. 61, 70, 371 A. 2d 1326, 1331 (1977). Because defendant Chandler's activities were rooted in the market-place, the same standards will be applied to him as to a corporation.

We are satisfied that all three requirements have been met in the present case. First, defendant availed himself of the privilege of acting within Pennsylvania. He advertised in the Hemmings Motor News knowing that it was located in Vermont, Pennsylvania, and that it was distributed nationally. In Hart v. McCollum, 249 Pa. Superior Ct. 267, 376 A. 2d 644 (1977), the Superior Court ruled that by advertising in Philadelphia newspapers, defendant was invoking the benefits and protections of the laws of Pennsylvania. Admittedly, the advertising in the present case was much less extensive than in Hart. However, this requirement is designed simply to prevent a plaintiff from dragging an unsuspecting and unwilling defendant into a foreign court: In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F. 2d 220 (6th Cir. 1972). Since defendant " 'should have reasonably foreseen that the

transaction would have consequences', " in Pennsylvania, this guideline is satisfied by the facts of this case. Hart, supra, 249 Pa. Superior Ct. at 273, 376 A. 2d at 648.

The second requirement is met since the cause of action arises from defendant's alleged activities within the forum state. Action Industries, Inc. v. Wiedeman, supra, is directly on point on this issue. There, defendant, who was charged with breach of employment duties, placed telephone calls in Ohio that were received in Pennsylvania. The court held that defendant's activities occurred not only in Ohio but also in Pennsylvania because his alleged misrepresentations were received here and because plaintiff suffered harm here. By the same reasoning, the alleged breaches of warranties in the present case occurred in Pennsylvania.

Finally, the exercise of jurisdiction over Chandler is reasonable. Action Industries v. Wiedeman, supra, and Monroeville Land v. Sonnenblick-Goldman, supra, highlighted several factors to aid in this determination. Based upon the principles set forth in those two cases, it is significant that defendant was a businessman whose contacts with Pennsylvania originated in a commercial setting and were actuated by a profit motive. Another important element of the case is that defendant could have foreseen that the transaction would have consequences in Pennsylvania. See also Parise v. AAA Warehouse Corp., 384 F. Supp. 1075 (W.D. Pa. 1974) ("Minimum contacts" established by $100 worth of advertising in Pennsylvania and negligent conduct outside the Commonwealth that caused injury in Pennsylvania).

Although defendant has cited two recent Superior Court cases, Bev-Mark, Inc. v. Summerfield GMC Truck Co., 268 Pa. Superior Ct. 74, 407

A. 2d 443 (1979), and Davis v. C & NW Transp. Co., 266 Pa. Superior Ct. 558, 405 A. 2d 959 (1979), we believe that they are distinguishable. In the former case, defendant repaired a truck in Indiana that later broke down in Pennsylvania. The court emphasized several factors that are not present here: defendant in that case did not advertise in Pennsylvania, could not have foreseen that the transaction would have consequences in Pennsylvania, and had no contact with the Commonwealth that influenced plaintiff to patronize defendant. In Davis, plaintiff was injured when a cable broke on a railroad car on which defendant had loaded automobiles in Illinois. Defendant in Davis had done no advertising in Pennsylvania and had no control over the destinations of the railroad cars which it loaded. Because defendant in the present case had much more contact with Pennsylvania, we are satisfied that we may exercise jurisdiction in this case.

## ORDER

Now, July 11, 1980, it is hereby ordered, that the preliminary objections of defendant are dismissed. Defendant shall be allowed 30 days in which to file a responsive pleading.