**Jacobs v. Flight Extenders**

*David S. Shrager* and *William A. Loftus,* for plaintiffs.

*J. Bruce McKissock* and *Lise Luborsky*, for defendant Lakewood Aircraft Service, Inc.

*Edward C. German* and *John E. Salmon,* for defendant Flight Extenders, Inc.

*David L. Steck,* for defendant Atlantic Aviation Service, Inc.

BULLOCK, *J.,* July 14, 1980—Before us are the preliminary objections of Lakewood Aircraft Service, Inc., a New Jersey corporation, contending that (1) Pennsylvania has no jurisdiction over Lakewood and (2) the present action is barred by the pendency of an action in the United States District Court for the Eastern District of Pennsylvania.

On March 24, 1978 at approximately 8:00 p.m., a Beechcraft G-35 aircraft crashed in the 7200 block of Eastwood Road in Philadelphia, near the North Philadelphia Airport, causing the death of its pilot and sole occupant, Gerald Jon Jacobs. The instant action to recover damages is brought by his surviving wife, Winifred M. Jacobs, as executrix of the estate of Mr. Jacobs.

The aircraft, which was owned by several residents of Pennsylvania, had previously been delivered by one of its owners to defendant Lakewood Aircraft Service, Inc., Lakewood on or about February 23, 1978 for the purpose of having the aircraft inspected, serviced, repaired, and painted. On the

afternoon of March 24, 1978, at approximately 3:00 p.m. one of the owners picked up the aircraft and flew it back to the North Philadelphia Airport.

Also joined as defendants in the instant action are Flight Extenders, Inc. (Flight Extenders), manufacturers of the aircraft's flight extended fuel system, and Beryl D'Shannon Aviation Specialties, Inc., Beryl D'Shannon Aviation, holders of the supplemental type certificate No. SA28Ea for a flight extended fuel system for aircraft of the model type here involved. Defendant Flight Extenders and Beryl D'Shannon Aviation are foreign corporations. Neither of these defendants has taken a position on the subject preliminary objections.

The present action was filed in March 1980. In January 1980, a suit was filed by the same plaintiff on the same cause of action in the United States Court for the Eastern District of Pennsylvania. Defendant Lakewood was joined as a third party defendant in that case. Subsequently, the court (Honorable Joseph S. Lord, III) held that under the Uniform Interstate and International Procedure Act, aka as the Pennsylvania Long Arm Statute, 42 Pa.C.S.A. §5321 et seq., Pennsylvania has no personal jurisdiction over Lakewood. This decision is presently on appeal.

In addition to contending lack of Pennsylvania jurisdiction herein, Lakewood contends both that the pendency of the action in the Federal court bars the present action, and that we are bound by the action of the Federal court denying Pennsylvania jurisdiction in this case. Since we agree with the decision of Judge Lord on the jurisdictional issue, we will not consider the other contentions. Moreover, in view of Judge Lord's full opinion, we believe only a relatively brief memorandum is required of us.

Since the Pennsylvania Long Arm Statute expresses the intention that jurisdiction in Pennsylvania under it be as broad as is permitted under the United States Constitution, we believe the current authority in this area is World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). Like Judge Lord, we read this case as requiring a finding of lack of jurisdiction in the present case.

We are primarily impressed by the fact that defendant business is one in which, without significant out-of-state promotion, people bring their planes to its place of business to be worked on and then pick them up. In its work, defendant neither goes out-of-state nor sends anything out-of-state. We are further impressed with the fact that defendant is a very small three-employe business, prima facie a "local" rather than interstate business. With one exception, to be mentioned hereafter, the only contact that defendant has with foreign states is that planes are brought to him by domiciliaries of foreign states and that planes worked on may be registered in foreign states. Its work on the planes in no way requires protection of the laws of foreign states. Moreover, the origin state of any plane it works on is of no consequence in its work. Whether a plane is brought to it from the immediate locality in New Jersey or from California is fortuitous and utterly inconsequential to it.

The exception to which we referred consists of two newspaper advertisements, one in Flight Line Times in 1977 and one in North Atlantic Aviation in 1978. The extent of publication of these advertisements is not made clear; nor does it appear that these are Pennsylvania publications. In any event, certainly this minimal amount of advertising does not compare with that in Hart v. McCollum, 249 Pa. Superior Ct. 267, 376 A. 2d 644 (1977) and Gar-

field v. Homowack Lodge, Inc., 249 Pa. Superior Ct. 392, 378 A. 2d 351 (1977), where the advertising was in Pennsylvania publications and was continuous. Even in these cases there were other contacts, in addition to advertising, which contributed to the finding of jurisdiction. Plaintiff has cited no cases in which jurisdicion was found on the basis of the minimal amount of advertising involved in the present case.

Plaintiff contends that since defendant knew that the plane in question was owned by Pennsylvanians and based in Pennsylvania, it knew that its action might "cause harm or tortious injury" in Pennsylvania, 42 Pa.C.S.A. §5322(a)(4). This language, without more, is broader than is Constitutionally permissible under World-Wide Volkswagen, supra. The extra-state causing of intra-state harm must be accompanied by at least certain minimum contacts with the latter state. It is our conclusion that such minimum contacts do not exist in the present case.

Cases such as this cannot be resolved simply by applying a formula. The terms "fairness" and "reasonableness" are to be found in most judicial opinions on the subject of state courts' jurisdiction over non-residents. Moreover, each case must be considered on the basis of its own individual facts. We do not believe that the activity conducted by Lakewood in the present case is such that it could reasonably be expected to be hauled into court in foreign jurisdictions because of the work it did on planes in New Jersey.

## ORDER

And now, July 14, 1981, the preliminary objections of defendant Lakewood Aircraft Service,

Inc. are sustained. The complaint herein is dismissed as to said defendant.