# Wills Equipment Company v. Goldman Enterprises, Inc.

*Donald L. Reihart* and *Lillian M. Morgan,* for plaintiff.

*Thomas I. Puleo,* for defendants.

CASSIMATIS, *J.,* November 6, 1980—This is before the court on preliminary objections of defendant, raising questions of jurisdiction.

The case arises from a contract between plaintiff, a Pennsylvania corporation, and Goldman Enterprises, a New Jersey corporation, in which plaintiff agreed to provide doors to be used in connection with a construction project at Lakehurst Naval Air Station, a military base in New Jersey. Plaintiff claims that Goldman has not made full payment for

the doors, and plaintiff has sued Goldman and its surety, Pennsylvania National Mutual Casualty Insurance Company (Penn National), for payment.

Defendants argue that we do not have jurisdiction over the subject matter of the suit because of the surety agreement. The Miller Act of August 24, 1935, 49 Stat. 793, as amended, 40 U.S.C.A. §270(a), requires that every contractor post a bond before it can receive a contract from the Federal Government for an amount in excess of $25,000. Section (b) requires that "[e]very suit instituted under this section shall be brought . . . in the United States District Court for any district in which the contract was to be performed. . . ."

Defendants argue that the surety agreement is covered by this provision and that we must, therefore, dismiss the suit. No evidence other than defendants' averments has been offered to prove this. However, defendants have not presented the surety contract or the total amount of Goldman's contract with the Government.

For the purposes of deciding preliminary objections, we can look only to the face of the record: Alumbaugh v. Wallace Business Forms, Inc., 226 Pa. Superior Ct. 511, 313 A. 2d 281 (1973). The record here contains only evidence of an $11,748 agreement between plaintiff and Goldman. This is an insufficient amount for the Government to require a Miller Act bond of Goldman. We, therefore, must find that defendants have not proved that the Miller Act applies, and the preliminary objection based on subject matter jurisdiction must, therefore, be denied.

We add that even if we had found the Miller Act to be applicable here, that decision would have only affected Penn National and not Goldman. The exis-

tence of a surety agreement, and the resultant jurisdiction question, does not affect the underlying common law contract rights of plaintiff against Goldman: United States for the use of Gigliello v. Sovereign Construction Co., 311 F. Supp. 371 (D.Mass. 1970); Ukropina-Polich-Kral v. Superior Court of Butte County, 8 Cal. Rptr. 692 (1960); Pierce Contractors Inc. v. Peerless Casualty Co., 81 So. 2d 747 (Fla. 1955).

The second preliminary objection before us is raised primarily by Goldman, claiming a lack of personal jurisdiction in that there were not the minimum contacts necessary between the Commonwealth of Pennsylvania and Goldman for a suit to be brought in the Commonwealth courts. This objection, of course, does not apply to Penn National, which is a Pennsylvania corporation with offices in Harrisburg.

Pennsylvania's long-arm statute grants jurisdiction "to the fullest extent allowed under the Constitution of the United States. . . ." Uniform Interstate and International Procedure Act, 42 Pa. C.S.A. §5322. We must turn, then, to Federal Constitutional Law. See Kitzinger v. Gimbel Brothers, Inc., 240 Pa. Superior Ct. 345, 368 A. 2d 333 (1976).

Hanson v. Denckla, 357 U.S. 235, 253 (1958), requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." This requirement was reiterated in World Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 62 L.Ed. 2d 490 (1980).

Secondly, "the cause of action must arise from defendant's activities within the forum state." Hart

v. McCollum, 249 Pa. Superior Ct. 267, 273, 376 A. 2d 644 (1977), allocatur refused.

Finally, the acts of defendants must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable: Hart, supra.

We find that Goldman did purposefully avail itself of the privilege of conducting activities within Pennsylvania. It entered into negotiations with a Pennsylvania corporation, and the agreement with that corporation was made in Pennsylvania; it is black-letter law that a contract is formed where accepted; Craig v. W. J. Thiele & Sons, Inc., 395 Pa. 129, 149 A. 2d 35 (1959); Varas v. Crown Life Insurance Co., 204 Pa. Superior Ct. 176, 203 A. 2d 505 (1964). Defendants admit in their brief that Goldman sent the contract to Pennsylvania for acceptance by plaintiff. Goldman, therefore, "should have reasonably foreseen that the transaction would have consequences" in Pennsylvania: Southern Machine Co. v. Mohasso Industries, Inc., 401 F. 2d 374 (6th Cir. 1968), cited in Hart v. McCollum, supra.

The second requirement is clearly met. If we accept that the contract was formed in Pennsylvania, then clearly the suit arises out of a transaction in this forum.

This leaves us finally with the question of whether the exercise of jurisdiction in this case is reasonable. We turn again to World Wide Volkswagen, 62 L.Ed. 2d at 498:

"Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum state's interest

in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's power to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies." (Citations omitted.)

There can be no question that Pennsylvania has an interest in providing a means of redress for its residents when a foreign corporation refuses to pay its bills: McGee v. International Life, 355 U.S. 220, 223 (1957). Further, plaintiff would be just as inconvenienced by a requirement that it bring suit in New Jersey as the New Jersey corporation alleges it is by having to defend in Pennsylvania. It does not affect the outcome of this analysis that the Pennsylvania Court may be required to apply New Jersey law: Kulko v. California Superior Court, 436 U.S. 84, 98 (1978).

What we find relevant here is that defendant has derived commercial benefit from his dealings in Pennsylvania: Kulko, 436 U.S. 100. Considering all the factors involved, allowing the suit to be brought in Pennsylvania "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

We, therefore, will dismiss defendants' preliminary objections concerning personal jurisdiction.

## ORDER

And now, November 6, 1980, the preliminary objections of defendants raising questions of subject

matter and personal jurisdiction are refused and denied. Defendants shall file an answer within 25 days of the date of this order.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.