## Hlinsky v. Ferrara

*Herman M. Rodgers,* for plaintiffs.
*Harry A. Penich,* for defendant.

FORNELLI, *J.*, September 28, 1982—William and Sara Hlinsky, plaintiffs, have filed a complaint in trespass and assumpsit alleging that Joseph Ferrara, d/b/a Valley View Coins, converted plaintiff's gold watch chain. Defendant Ferrara has filed preliminary objections in the nature of a petition raising a question of jurisdiction. We must accept as true all well-pleaded facts: Union National Bank v. L.D. Pankey Institute, 284 Pa. Super. 537, 426 A. 2d 624 (1980).

Plaintiffs aver their residency to be in Mercer County, Pa. They allege defendant's place of business to be in Trumbull County, Ohio and that it consists of buying, selling, and appraising jewelry. Plaintiffs aver that Sara Hlinsky delivered a gold watch chain to defendant at his Ohio place of business for the purpose of having it appraised on November 2, 1980 and that defendant wrongfully converted it by there selling the chain to United Precious Metals of Minneapolis, Minnesota.

Defendant's preliminary objections assert that he is not a resident of Pennsylvania, does not have assets, property or a place of business in Pennsylvania, and that he has no employees, agents or representatives operating on his behalf in Pennsylvania.

Since plaintiffs have not filed an answer to the preliminary objections, which were endorsed with

a notice to plead, they are deemed to have admitted all allegations of fact therein: Action Industries, Inc. v. Wiedmon, 236 Pa. Super. 447, 346 A. 2d 798 (1975).

Defendant's answers to plaintiffs' interrogatories disclose the following: advertisements were placed by defendant on a regular basis from at least March of 1980 until November 2, 1980 in The Herald, a daily newspaper distributed in Mercer County.[1] Defendant also placed ads in the Greenville Record Argus, another Mercer County daily newspaper, in March and April of 1980. Defendant's advertisements were also broadcast by two Mercer County radio stations, WPIC and WYFM, on a regular basis from April, 1980 to November 2, 1980.[2] Each radio advertisement ended with the phrase "buying gold and silver daily." The newspaper ads included a toll-free telephone number for Shenango Valley, Pennsylvania residents.

The due process clause of the Fourteenth Amendment requires that a defendant have adequate notice of suit and be subject to the court's personal jurisdiction. World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286 (1980). A state court has personal jurisdiction over a defendant only if defendant has had the "minimum contacts" with that state that are prerequisite to its exercise of power over him. Hanson v. Denckla, 357 U.S. 235 (1958). This is so that "traditional notions of fair and substantial justice" are not offended. International Shoe Company v. State of Washington, 326 U.S. 310, 316 (1945).

---

1. e.g. during the 31 days of October, 1980 defendant advertised in every edition of The Herald except three.

2. The newspaper advertisements totaled over 100 and the radio commercials totaled over 120 in number.

The concept of minimum contacts performs two related functions: it protects defendant against the burdens of litigating in an inconvenient forum, and it ensures that the states through their courts do not reach beyond the limits imposed by their status as coequal sovereigns in a federal system. World-Wide Volkswagen v. Woodson, supra. Kenny v. Alexson Equipment Co., 495 Pa. 107, 432 A. 2d 974 (1981).

The jurisdiction of Pennsylvania courts is governed by the Uniform Interstate and International Procedure Act.[3] The limits of the court's jurisdiction under the Act are defined by the Due Process Clause of the Fourteenth Amendment. See, 42 Pa.C.S.A. §5308. The basis of jurisdiction over persons outside the Commonwealth are defined in 42 Pa.C.S.A. §5322. In particular, 42 Pa.C.S.A. §5322(a)(1)(i) and (a)(4) provide:

"(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object . . . .

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth."

Plaintiff urges that subparagraph (4) in and of

---

3. Act of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §5321 et seq.

itself is sufficient to impart jurisdiction. However, plaintiffs' interpretation of the statutory language of this subparagraph appears to be broader than constitutionally permissible. The U.S. Supreme Court has again reaffirmed that more is required to establish the requisite minimum contacts than an isolated act outside the Comonwealth causing harm within the Commonwealth. World-Wide Volkswagen Corp. v. Woodson, supra; See also, Danhart v. Whitt, 20 D. & C. 3d 115, 118 (1981) and Jacobs v. Flight Extendors, 21 D. & C. 3d 440, 444 (1980).

Generally, the courts have used the three part test[4] formulated in Proctor & Schwartz, Inc. v. Cleveland Lumber Co., 228 Pa. Super. 12, 323 A. 2d 11, 15 (1974), to determine whether a tribunal in this Commonwealth has jurisdiction over an out-of-state defendant:

" . . . we can find certain guidelines which aid in the factual analysis necessary to make the determination of whether the requisite 'minimum contacts' are present in a given case. First, defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. Hanson v. Denckla, supra. Secondly, the cause of action must arise from defendant's activities within the forum state. See Southern Mach. Co. v. Mohasco Indus., Inc., 401 F. 2d 374 (6th Cir. 1968); Electric Regulator Corp. v. Sterling Extruder Corp., 280A Supp. 550 (D. Conn. 1968). Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of juris-

---

4. The Superior Court has reaffirmed that this test is in accord with recent United States Supreme Court decisions: Kingsley & Keith (Canada) Ltd. v. Mercer International Corp., 291 Pa. Super. 96, 435 A. 2d 585, 589 n. 5 (1981).

diction over it reasonable. International Shoe Co. v. Washington, supra; see also, In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F 2d 220 (6th Cir. 1972); Kourkene v. American BBR, Inc., 313 F. 2d 769 (9th Cir. 1963)."

The first prong of the Proctor test has been met in this case. Defendant through his continuous advertising in Mercer County has significantly promoted and purposefully availed himself of the privilege of acting within the forum state. In Garfield v. Homowack Lodge, Inc., 249 Pa. Super. 392, 378 A. 2d 351 (1977), the court held that the appellant had purposefully availed itself of the privilege of acting within Pennsylvania by its intensive and continuous advertising in a Pennsylvania newspaper, its maintenance of a toll-free telephone number in Pennsylvania for lodge reservations, and its arrangements with Pennsylvania travel agents on a ten percent commission basis for referrals to its resort.

Hart v. McCollum, 249 Pa. Super. 267, 376 A. 2d 644, 647-648 (1977) stated:

"Defendants certainly 'availed [themselves] of the privilege of acting within' Pennsylvania. They contracted with one of Philadelphia's major newspapers for the specific purpose of making citizens of this Commonwealth aware of their facilities. Their actions invoked the 'benefits and protections' of our laws . . . . It is clear that defendants' actions had a 'realistic impact' in this forum and that the defendant 'should have reasonably foreseen that the transaction would have consequences' in Pennsylvania. Southern Machine Co. v. Mohasco Industries Inc., supra at 382-383."

Defendant here advertised regularly in Mercer County newspapers and on two radio stations and

thereby purposefully availed himself of the privilege of acting within Pennsylvania.

The second prong of the Proctor test, however, has not been met in that plaintiffs' cause of action did not arise from defendants activities within the forum state. Plaintiffs do not allege that they saw or heard the advertisements. Nor do they claim they took the watch chain to defendant as a result of these advertisements.[5]

The final requirement of the Proctor test has been met in that the intensive level of activity by defendant provides a substantial enough connection with the Commonwealth to make the exercise of jurisdiction over the appellant fair and reasonable.

The fact, however, that plaintiffs' suit does not meet all of the Proctor tests does not end this Court's inquiry. A defendant may be subject to suit in Pennsylvania even when the cause of action does not arise from a defendant's activities within the state if defendant's activities have been "contiuous and substantial." Goff v. Armbrecht Motor Truck Sales, Inc., 284 Pa. Super. 544, 426 A. 2d 628, 630 (1980); Union National Bank of Pittsburgh v. L.D. Pankey Institute, 284 Pa. Super. 537, 426A. 2d 624, 627 (1980).

Bork v. Mills, 458 Pa. 228, 329 A. 2d 247, 249 (1974) quotes Section 35 of the Restatement of Conflicts 2d:

" . . . A state has power to exercise judicial jurisdiction over an individual who does business in the state with respect to causes of action that do

---

5. Plaintiffs attorney was offered the opportunity at oral argument to amend its complaint to allege that plaintiffs' dealings with defendant were a result of his advertisements if that, in fact, were the case. Plaintiffs later informed the court by letter that they would rest on the existing allegations in the complaint.

not arise from the business done in the state if this business is so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction."

Defendant was engaged from at least March, 1980 in aggressively seeking Pennsylvania residents as customers by its use of newspaper and radio advertisements in Mercer County and its offering of a toll-free number to Pennsylvania residents. Further, it entered into contracts with Pennsylvania newspapers and radio stations for its extensive advertising campaign aimed at Pennsylvania citizens. It directed over 220 advertisements to Mercer County residents through Mercer County media within a nine month period.

Defendant's continuous and purposeful solicitation of Pennsylvania residents in Mercer County makes this Court's exercise of jurisdiction over it both reasonable and foreseeable. Although plaintiffs' suit is distinct from defendant's activities in this state in that plaintiffs did not go to defendant's business as a result of defendant's advertisement, a suit such as plaintiffs would be foreseeable from defendant's activities in Pennsylvania.[6]

The use of advertising to actively solicit customers can constitute continuous and substantial activities as a basis for jurisdiction: Garfield v. Homowack Lodge, Inc., supra.

As the court stated in Union National Bank v. L.D. Pankey Institute, supra, at 627:

"Thus in Garfield vs. Homowack Lodge, Inc.,

---

6. See World-Wide Volkswagen Corp. v. Woodson, supra, at 567 concerning the role of foreseeability in due process requirements for jurisdiction.

supra, for example, this state had jurisdiction over the defendant because the defendant had engaged in an extensive advertising campaign in this state; this state did not have jurisdiction over the defendant because a given number of Pennsylvania residents had responded to defendant's advertisements."

Thus, defendant's activities in this state have been continuous and substantial. As such, he is subject to its jurisdiction under 42 Pa.C.S.A. §5322 (a)(1)(i) in that he engaged in continuous and substantial business activities in this Commonwealth, which were a series of similar acts for the purpose of thereby realizing pecuniary benefits, which thereby constituted the transacting of business in this Commonwealth.[7]

Hence, this order

## ORDER

And now, September 28, 1982, defendant's preliminary objections are dismissed. Defendant shall file responsive pleadings to plaintiffs' amended complaint within 20 days of notice of this order.

---

7. Whether this lawsuit proceeds in the state of Ohio or the Commonwealth of Pennsylvania is of no great inconvenience to either plaintiffs or defendant. Mercer County, Pa., the residence of plaintiffs, and Trumbull County, Ohio, the situs of defendant's business, are contiguous counties. The courthouses in each county are about the same distance from plaintiffs' residence, while the Mercer County Courthouse is about 15 miles further than the Trumbull County Courthouse is from defendant.