**Asen v. Fallows**

*David A. Eisenberg,* for plaintiff.
*John E. Freund, III,* for defendant.

WIEAND, *J., Specially Presiding*, August 21, 1980—Dennis P. Asen, plaintiff in this trespass action, is a resident of Allentown, Pa. Defendant, Dr. Lloyd Fallows, resides in New York, is licensed to practice medicine in New York, and maintains medical offices at 1300 Union Turnpike, New Hyde Park, N.Y. During October, 1978 plaintiff visited defendant's medical offices for the purpose of a physical examination. During the course thereof, defendant discovered that plaintiff had a heart murmur and advised plaintiff accordingly.

On January 16, 1979 plaintiff made application to Mutual of Omaha for a policy of disability insurance and named defendant as the last physician to examine him. The insurance company thereafter sent to Dr. Fallows several requests for medical information about plaintiff, but defendant did not respond. Mutual of Omaha did not issue a policy of disability insurance.

In May, 1979 plaintiff applied for major medical insurance coverage to Prudential Insurance Company and, in response to a question therein contained, stated that he had been denied disability coverage by Mutual of Omaha. Prudential also requested information from defendant about plaintiff's physical condition, which defendant did not give. Consequently, Prudential has not issued to plaintiff a policy of major medical coverage.

On January 4, 1980 plaintiff filed with Security Mutual of New York an application for life insurance. On four separate occasions, the insurance company unsuccessfully requested medical data from Dr. Fallows about plaintiff's condition. Plaintiff's requested policy of life insurance has not been forthcoming.

On January 30, 1980 plaintiff applied for a policy

of life insurance from Mutual of Omaha. Again, the company's request for medical information from Dr. Fallows fell on deaf ears, and a policy was not issued.

Plaintiff thereupon filed in this court an action in trespass in which he averred that defendant had tortiously interfered with his business relationships and with his attempts to enter into contractual relationships with the aforesaid insurance companies. Plaintiff has sustained no pecuniary loss, however, and the only damages claimed are for "mental anguish and emotional distress." The complaint was served by registered mail sent to defendant in New York.

Preliminary objections filed by defendant assert: (1) that this court lacks jurisdiction over defendant's person; (2) that plaintiff's complaint fails to state a cause of action; and (3) that subject matter jurisdiction has been vested by statute in Pennsylvania in the Health Care Arbitration Administrator.

In Alexander v. Knight, 197 Pa. Superior Ct. 79, 177 A. 2d 142 (1962), the Superior Court of Pennsylvania said that it is the responsibility of a physician to aid his patient in litigation and to render reports when necessary. A physician may also have a duty to offer medical testimony on behalf of a patient when necessary. See Hammonds v. Aetna Casualty & Surety Co., 243 F. Supp. 793 (N.D. Ohio 1965). At least two courts have held specifically that a treating physician has a duty to fill out insurance company forms, a function which is a necessary incident of the medical care which he was employed to provide. See Murphy v. Godwin, 303 A. 2d 668 (Del. Super. Ct. 1973); Ahnert v. Wildman, _____ Ind. App. _____, 376 N.E. 2d 1182 (1978). In

the Murphy case, the Delaware court said at 673-74:

"Although it is well known that physicians usually accommodate patients by filling in the forms required by them for various reasons connected with insurance, the question of a doctor's legal duty toward his patients with respect to completing insurance forms is apparently novel. The existence of such a duty may be found, however, by reference to established tort theory and recognized incidents of the doctor-patient relationship . . .

"Liability for negligent nonfeasance may be found to exist where there is some already existing and definite relationship between the parties 'of such a character that social policy justifies the imposition of a duty to act.' Prosser, supra, §56 at p. 339. A relationship of that character exists when the party to be held liable has by some foregoing voluntary act brought himself into a relationship with others from which he obtains or expects benefits. See McNiece and Thornton, Affirmative Duties in Tort, 58 Yale L.J. 1272 (1949).

". . . if a doctor-patient relationship is shown to exist, it must have given rise to a duty of reasonable care in the disposition of the form . . .

"In the absence of special circumstances it was [the doctor's] duty to recognize his unique position as the treating physician who alone could comply with the insurance requirement without the expense and delay of a further examination. Upon actual receipt of the form, he was under a duty to exercise reasonable care in the disposition of the form. He might discharge that duty by completing and returning the form within a reasonable period of time to the insurance company, or by promptly

notifying [the patient] and the insurance company that he would not complete the form and perhaps referring them to another source for the vital information."

In the instant case, plaintiff has elected not to charge defendant with negligence in failing to complete and to return forms submitted by the insurance companies. Instead, he has charged defendant with interference in his prospective contractual relations. The relevant law in this respect has been set forth in Restatement, 2d, Torts, § 766B as follows: "One who *intentionally* and *improperly* interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation. . . ." (Emphasis supplied.) See also Glenn v. Point Park College, 441 Pa. 474, 272 A. 2d 895 (1971). In order to state a valid cause of action, the complaint must allege: (1) a prospective contractual relation between plaintiff and an insurance company, (2) defendant's purpose or intent to harm plaintiff by preventing the relationship from occurring, (3) the absence of privilege or justification on the part of defendant, and (4) the occurrence of actual harm or damage to plaintiff as a result of defendant's conduct: Glenn v. Point Park College, supra at 479-80, 272 A. 2d at 898; Behrend v. Bell Telephone Co., 242 Pa. Superior Ct. 47, 61, 363 A. 2d 1152, 1159 (1976). See also Birl v. Philadelphia Electric Co., 402 Pa. 297, 301, 167 A. 2d 472, 474 (1960).

The instant complaint fails to allege that defendant's failure to respond to inquiries about plaintiff's health was with the specific intent or purpose of causing harm to plaintiff. There is no averment that defendant's failure to act was intended to inter-

rupt negotiations or prevent consummation of a contract of insurance. The complaint, therefore, is insufficient:* Glenn v. Point Park College, supra. See also Murphy v. Godwin, supra.

We are mindful that plaintiff must be given an opportunity to file an amended complaint if there is a reasonable possibility that he can state a valid cause of action: Glenn v. Point Park College, supra; Allied Security, Inc. v. Security Unlimited, Inc., 265 Pa. Superior Ct. 297, 401 A. 2d 1219 (1979). In the instant case, plaintiff will be permitted to file an amended complaint, if he chooses to do so. Whether he will be able to obtain jurisdiction of defendant's person, however, is problematical.

Section 5322 of the Uniform Interstate and International Procedure Act, 42 Pa.C.S.A. §5322(a)(4), provides:

"(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:

". . .

"(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth."

In the instant action, plaintiff alleged an omission or failure to act in New York which caused injury in Pennsylvania. On the surface, therefore, the courts of this Commonwealth would seem to

---

*The complaint would not be held insufficient because the only damages requested are for mental anguish and emotional distress. Restatement, 2d, Torts, §774A(1)(c) would permit the recovery of damages for emotional distress in actions for interference with a prospective contractual relation.

have in personam jurisdiction under the Pennsylvania long arm statute.

However, we are faced with the additional question whether the exercise of in personam jurisdiction over defendant in the circumstances of this case would be consistent with due process of law. The applicable standard was set forth in International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), as follows: ". . . due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice.'"

The maintenance of the instant suit does offend "traditional notions of fair play." Defendant is a physician licensed to practice medicine in the State of New York. That state is where he resides and where he practices his profession. The parties are agreed that he is not licensed to practice in Pennsylvania and does not "do business" in this state. His services are personal in nature, and plaintiff went into New York to contract for and obtain such services. Thus, defendant has not availed himself of the benefits and protections of the laws of Pennsylvania. He has committed no affirmative act in New York which caused harm in Pennsylvania. Indeed, he has done nothing. He has neglected or refused to complete questionnaires or otherwise supply to insurance companies written reports pertaining to the results of a physical examination of plaintiff conducted in New York in October, 1978. This does not establish any contact, much less minimum contacts, with the State of Pennsylvania. Cf. Davis v. C. & NW Transportation

Co., 266 Pa. Superior Ct. 558, 405 A. 2d 959 (1979). Compare Sunn Classic Pictures, Inc. v. Budco, Inc., 481 F. Supp. 382 (E.D. Pa. 1979); Action Industries, Inc. v. Wiedeman, 236 Pa. Superior Ct. 447, 346 A. 2d 798 (1975).

Plaintiff's attempted service of his complaint by registered mail, therefore, was ineffective to confer upon this court jurisdiction of defendant's person. Consequently, service will be stricken and set aside. If plaintiff elects to file an amended complaint, he will not be able to effect service on defendant under the Pennsylvania long arm statute. Such a complaint may be personally served under Pa.R.C.P. 1009 only if defendant can be found in the Commonwealth of Pennsylvania. Plaintiff may, on the other hand, bring his action against defendant in the State of New York.

Defendant's final preliminary objection is without merit. The Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 et seq., although vesting in the arbitration panels exclusive jurisdiction to hear and decide patients' claims against health care providers, defines a health care provider, inter alia, as a person "licensed or approved by the Commonwealth to provide health care or professional medical services as a physician. . . ." See section 103 of the act, 40 P.S. § 1301.103. Defendant in the instant case is not licensed to practice medicine in the Commonwealth of Pennsylvania and is not subject to the provisions of the Pennsylvania Health Care Services Malpractice Act.

## ORDER

Now, August 21, 1980, it is ordered that defendant's preliminary objection in the nature of a de-

murrer be and the same is hereby sustained, and plaintiff's complaint is dismissed unless he shall file an amended complaint within 20 days hereafter.

It is further ordered that defendant's preliminary objection raising a question of jurisdiction be sustained, and plaintiff's attempted service of the complaint upon defendant by registered mail in the State of New York is determined to be null and void and is set aside.

Defendant's remaining preliminary objections are dismissed.