**Wilbert S. ROGERS, et al.**

v.

**ICELANDAIR/FLUGLEIDER, INTERNATIONAL, et al.**

Civ. A. No. 81–1428.

United States District Court, E. D. Pennsylvania.

Sept. 21, 1981.

Victor Dell'Alba, York, Pa., for plaintiffs.

Ronald C. Scott, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an action for breach of employment contracts brought by several former pilots and flight engineers of defendant International Air Bahama (IAB). Plaintiffs claim that defendant Flugleider, H.F. (incorrectly sued as Icelandair/Flugleider) (Flugleider) owns and controls IAB and wrongfully directed IAB to terminate plaintiffs' employment with IAB. Defendants have filed a motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), which will be granted for the reasons set forth below.

Subject matter jurisdiction was alleged on the basis of diversity of citizenship. Plaintiff Rogers is a citizen of Pennsylvania, the other plaintiffs are citizens of various other states, defendant IAB is a foreign corporation incorporated in and with its principal place of business in Nassau, Bahama Islands, and defendant Flugleider is a foreign corporation incorporated in and with its principal place of business in Reykjavik, Iceland. Thus this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

In Pennsylvania *in personam* jurisdiction over defendants must be based on either 42 Pa.Cons.Stat.Ann. § 5301 (Purdon 1981) (the doing business statute) or 42 Pa.Cons.Stat.Ann. § 5322 (Purdon 1981) (the long arm statute). Plaintiffs may not obtain *in personam* jurisdiction over defendants pursuant to section 5301 because it is undisputed that neither defendant is incorporated in Pennsylvania, is qualified to do business here, has consented to be sued here, or carries on "a continuous and systematic part of its general business within this Commonwealth." *See* 42 Pa.Cons.Stat. Ann. § 5301(a)(2) (Purdon 1981). However, *in personam* jurisdiction lies in this court over defendants pursuant to the long arm statute,[1] which controls the exercise of *in personam* jurisdiction over nonresident corporate defendants by the federal district courts sitting in Pennsylvania. *Galaxy International, Inc. v. White Stores, Inc.*, 88 F.R.D. 311, 314 (W.D.Pa.1980); *Donner v. Tams-Witmark Library, Inc.*, 480 F.Supp. 1229, 1231–32 (E.D.Pa.1979). The provision states:

(a) General rule—A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person:

\*     \*     \*     \*     \*     \*

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

Viewing the facts in the light most favorable to plaintiffs, plaintiff Rogers' employment contract was wrongfully terminated, causing him harm within Pennsylvania, pursuant to a letter sent from outside of Pennsylvania. *See* Restatement of Contracts § 321 (1932) (statement of repudiation of contract in a letter constitutes a breach at the time and place where the letter was dispatched). Thus 42 Pa.Cons. Stat.Ann. § 5322(a)(4) (Purdon 1981) applies to this action. Further, because this action alleges wrongful termination of employment, which termination was effectuated by an act outside of Pennsylvania and caused harm within Pennsylvania, 42 Pa. Cons.Stat.Ann. § 5322(c) (Purdon 1981) presents no bar to *in personam* jurisdiction.[2]

---

1. 42 Pa.Cons.Stat.Ann. § 5321 et seq. (Purdon's 1981). This section provides in relevant part that "the jurisdiction of the tribunals of this Commonwealth shall extend to all persons ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." *Id.* § 5322(b).

2. 42 Pa.Cons.Stat.Ann. § 5322(c) (Purdon 1981) states:

(c) Scope of jurisdiction.—When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (1), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him.

Nevertheless, defendants argue that the exercise of *in personam* jurisdiction over them in this action would violate the due process requirements of the United States Constitution. In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court held that:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

326 U.S. at 316, 66 S.Ct. at 158. In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court reaffirmed that requirement:

> As has long been settled, and as we reaffirm today, a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exists "minimum contacts" between the defendant and the forum state.

444 U.S. at 291, 100 S.Ct. at 564. In *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Supreme Court explicated that standard, stating that due process requires a defendant to have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State thus invoking the benefits and protections of its laws." 357 U.S. at 253, 78 S.Ct. at 1239.

Relying on *International Shoe Co. v. Washington* and *Hanson v. Denckla*, the Pennsylvania Superior Court set forth the following guidelines for determining whether minimum contacts were present in a given factual setting:

> First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. . . . Secondly, the cause of action must arise from defendant's activities within the forum state. . . . Lastly, the acts of the defendant must have a sub-stantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable.

*Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 19, 323 A.2d 11, 15 (1974) (citations omitted). These guidelines were recently reaffirmed. *Bev-Mark, Inc. v. Summerfield GMC Truck Co.*, 268 Pa.Super. 74, 407 A.2d 443 (1979).

Defendants have filed affidavits which plaintiffs do not dispute, and which set forth the following:

1. Neither IAB nor Flugleider, nor any of their divisions, are incorporated in or licensed to do business in Pennsylvania.

2. Neither IAB nor Flugleider maintain offices, bank accounts, sales representatives or other employees in Pennsylvania.

3. No listings for IAB appear in any telephone directories in Pennsylvania.

4. Flugleider's sole telephone listing in Pennsylvania is a WATS telephone number through which calls are received outside of Pennsylvania.

5. IAB conducts no flights into or out of Pennsylvania, and does not regularly obtain orders for passage from travel agents within Pennsylvania.

6. Flugleider conducts no regularly scheduled flights into or out of Pennsylvania, but occasionally conducts charter or unplanned diversion flights into or out of Pennsylvania.

7. Neither IAB nor Flugleider have consented to be sued in or designated an agent for service of process in Pennsylvania.

9. IAB does not advertise in Pennsylvania.

10. Flugleider does not solicit business in Pennsylvania except to the extent that national publications containing Flugleider's advertisements are sold in Pennsylvania.

11. The contracts at issue in this action were not negotiated, formed, terminated or to be performed in Pennsylvania.

Under these circumstances, it cannot be said that defendants have purposefully availed themselves of the privilege of act-

ing within Pennsylvania. Indeed, plaintiffs do not even allege that defendants acted in Pennsylvania in any way; the only contact with Pennsylvania alleged in the complaint is harm caused within Pennsylvania as a result of actions outside of Pennsylvania (termination of Pennsylvania resident's employment contract by letter dispatched from a point outside of Pennsylvania). Further, in light of the gossamer thin connections which Flugleider has with Pennsylvania (a WATS telephone number to a location outside of the Commonwealth and occasional charter flights and unplanned diversions) and the total absence of connections between IAB and Pennsylvania, a Pennsylvania court's exercise of jurisdiction over these defendants would clearly be unreasonable. Finally, it is clear from the face of the complaint that plaintiffs' cause of action does not arise from defendants' activities within Pennsylvania; the allegedly wrongful termination of plaintiff Rogers' employment contract, as well as the termination of all of the other plaintiffs' contracts, was occasioned by dispatching a letter from a point outside of Pennsylvania. *See* Restatement of Contracts § 321 (1932). Thus the facts upon which this action are based do not include sufficient minimum contacts with Pennsylvania to pass constitutional muster. *Bev-Mark, Inc. v. Summerfield GMC Truck Co., supra; Proctor & Schwartz, Inc. v. Cleveland Lumber Co., supra.* Consequently the exercise of *in personam* jurisdiction over defendants by this court would run afoul of the due process clause of the U.S. Constitution. *World-Wide Volkswagen Corp. v. Woodson, supra; International Shoe Co. v. Washington, supra.*

For these reasons defendants' motion must be granted. An appropriate order follows.

### ORDER

NOW, September 21, 1981, upon consideration of the motion of plaintiffs Flugleider, H.F. and International Air Bahama, Limited, to vacate or alter and amend judgment pursuant to Federal Rules of Civil Procedure Rule 59(e), and memoranda submitted by the parties and because:

1. My order of July 23, 1981 granted defendants' motion because plaintiffs failed to demonstrate "minimum contacts" requisite to permit this court's exercise of personal jurisdiction, Slip op. 81–1428, at 7.

2. The July 23, 1981 decision was not an adjudication of the merits of the action and therefore summary judgment was an improper disposition. 6 J. Moore's Federal Practice ¶ 56.03, at 56–55 (2d ed. 1976); 2A *Id.* ¶ 12.10, at 2313.

3. The plaintiffs are not barred from instituting a subsequent action assuming they can conform to the Due Process requirements of the Constitution that certain minimum contacts are shown in order to maintain suit.

IT IS ORDERED that:

1. The memorandum, order and judgment of July 23, 1981 are VACATED.

2. Defendants' motion pursuant to Fed. R.Civ.P. 12(b)(2) is GRANTED for the reasons set forth in the accompanying memorandum.