## COMMODORE BUSINESS MACHINES, INC.

v.

## JST DISTRIBUTING COMPANY, INC.

### Civ. A. No. 84-1992.

United States District Court, E.D. Pennsylvania.

Oct. 29, 1984.

---

1. The remaining four defendants have filed answers to the complaint.

Christine Crawford, West Chester, Pa., Craig Ziegler, Philadelphia, Pa., for plaintiff.

William F. Sweeney, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is defendant's motion to dismiss for lack of personal jurisdiction. For the reasons stated herein, the motion will be granted.

### I. FACTS

Plaintiff Commodore Business Machines, Inc. ("Commodore") is a business incorporated in Delaware with its principal place of business in West Chester, Pennsylvania. Defendant JST Distributing Company, Inc. ("JST") is a Missouri corporation with its principal place of business in Kansas. Defendant is engaged in the distribution of computer hardware and software.

Beginning in January, 1982, defendant began ordering products from plaintiff's representative in Missouri. All communications by defendant regarding purchases of the plaintiff's products were made to the Missouri representative. Defendant made payments for some of the goods to an address in Chicago, Illinois. Plaintiff has instituted the present action in order to

recover the unpaid purchase price of other goods delivered to defendant.

Defendant does not have any offices or agents in Pennsylvania, does not ship goods into or through Pennsylvania, owns no real estate in Pennsylvania, and is not registered in Pennsylvania to do business as a foreign corporation. Defendant now moves to dismiss the action for lack of personal jurisdiction.

Plaintiff argues that defendant is subject to jurisdiction in Pennsylvania because the goods shipped to defendant from plaintiff were shipped "F.O.B. West Chester, Pennsylvania." Plaintiff claims that the effect of shipping the goods in this manner was a transfer of both title and risk of loss to defendant in Pennsylvania, thereby causing defendant to purposely avail itself of doing business in Pennsylvania.

## II. DISCUSSION

■ The plaintiff bears the burden of demonstrating that a defendant has sufficient contacts with the forum state once a jurisdictional defense has been raised. *Compagnie des Bauxile de Guinee v. L'Union*, 723 F.2d 357 (3d Cir.1983); *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith*, 551 F.Supp. 601 (E.D.Pa.1982). Plaintiff's pleadings and affidavits are to be considered in a most favorable light. *Cottrell v. Zisa*, 535 F.Supp. 59 (E.D.Pa. 1982).

■ Rule 4(e) of the Federal Rules of Civil Procedure permits a district court to assert personal jurisdiction over a nonresident to the extent allowed under the law of the state where the district court sits. In turn, the Pennsylvania Long Arm Statute, 42 Pa.Stat.Ann. § 5322(b) (Purdon 1981), allows a court to exercise jurisdiction over a person "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." The reach of the Pennsylvania statute is, therefore, co-extensive with the due process clause of the United States Constitution. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984).

■ In order to satisfy due process a plaintiff must establish that a defendant has "continuous and systematic general business contacts" within the forum state or that the cause of action "arises from defendant's activities" within the forum state. *Id.* at 66. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, — U.S. —, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

■ In this case defendant does not have continuous and systematic general business contacts in Pennsylvania. Defendant is not authorized to do business in Pennsylvania and does not have an agent in the state. It has never shipped products into Pennsylvania and does not have any employees in the state. In addition, defendant does not own real or personal property in Pennsylvania. The only business contact defendant has with Pennsylvania is that Pennsylvania is the state from which goods were sent to defendant as a result of orders placed by defendant with plaintiff's agent in Missouri. This contact does not amount to the continuous and systematic contact within the state required by the due process clause. Thus, personal jurisdiction can be exercised over defendant only if the cause of action has arisen from defendant's activities in Pennsylvania.

The cause of action is a breach of contract action. However, the breach of the contract did not arise from defendant's activities in Pennsylvania. The orders for the goods in question were delivered to and accepted by plaintiff's agent in Missouri. Defendant's performance under the contract, i.e., to send payments for the goods delivered, was to be done from its offices outside of Pennsylvania. Thus, defendant neither negotiated the terms of, formed, nor breached the contract in question in Pennsylvania.

Additionally, the alleged transfer of both title and risk of loss to defendant in Pennsylvania pursuant to the shipping term was not an "activity by defendant." Even if the transfer could be considered to be an

**412**

activity by defendant, it was not an activity which gave rise to the instant action, and could not be a basis upon which defendant could reasonably anticipate being haled into court in Pennsylvania. *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Therefore, since plaintiff has failed to establish that defendant has the necessary minimum contact with Pennsylvania, this court shall dismiss the complaint for lack of personal jurisdiction.

An appropriate Order will be entered.