**RODALE PRESS, INC.**

v.

**SUBMATIC IRRIGATION SYSTEMS, INC.**

Civ. A. No. 86-5430.

United States District Court, E.D. Pennsylvania.

Dec. 23, 1986.

Paul A. McGinley, Allentown, Pa., for plaintiff.

Maria C. Mullane, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff Rodale Press, Inc. has brought this action to recover for breach of an advertising contract. Plaintiff is a Pennsylvania company, and the publisher of "Rodale's Organic Gardening" magazine, which is published in Pennsylvania and distributed nationally. Defendant is a Texas corporation, with its principal place of business in Lubbock, Texas. Defendant has moved to dismiss the complaint on the grounds that the court lacks *in personam* jurisdiction over defendant and, alternatively, that the Eastern District of Pennsylvania is a forum non conveniens.

■ A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant to the extent permissible under the law of the forum state. *Rees v. Mosaic Technologies, Inc.,* 742 F.2d 765, 767 (3d Cir.1984); *Commodore Busi-*

ness Machines, Inc. v. JST Distributing Co., Inc., 596 F.Supp. 409, 411 (E.D.Pa. 1984). The Pennsylvania Long-Arm statute, 42 Pa. C.S. § 5322(b), authorizes the court to exercise jurisdiction to the fullest extent permitted by the due process clause of the United States Constitution. *Rees,* 742 F.2d at 768.

Due process is satisfied when the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). "When a controversy is related to or 'arises out of' a defendant's contacts with the forum ... a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of [specific] *in personam* jurisdiction." *Helicopteros Nacionales,* 466 U.S. at 414, 104 S.Ct. at 1872 (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). Where the controversy does not arise out of or relate to defendant's activities within the forum, the court may nevertheless exercise "general" jurisdiction if there are sufficient contacts between the forum and the defendant. *Id.*

■ In the present case, plaintiff argues that the controversy arises out of forum-related conduct. Therefore, the court must determine whether it has "specific" jurisdiction over the defendant.[1] In deciding this question, the court must follow a three-prong analysis: 1) The defendant must have purposely availed itself of the privilege of acting within the forum state; 2) the cause of action must arise from the defendant's activities within the forum

---

1. The court need not consider whether it has general jurisdiction, based on the defendant's continuous and substantial forum affiliations, unless it finds that there is no basis for specific jurisdiction. *Reliance Steel Products Co. v. Wat-* son, Ess, Marshall & Enggas, 675 F.2d 587, 588 (3d Cir.1982). The plaintiff does not assert, nor is there any basis in the record for concluding, that the defendant would be subject to the general jurisdiction of the court.

state; and 3) the acts of the defendant must have a substantial enough connection with the forum state such that due process will not be offended by the exercise of jurisdiction. *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 19, 323 A.2d 11, 15 (1974); *Barber v. Pittsburgh Corning Corp.,* 317 Pa.Super. 285, 293–94, 464 A.2d 323, 328 (1983), *cert. denied sub nom. Charter Consolidated, Ltd. v. Barber,* 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 346 (1984). In the present case, the first prong is determinative.

Plaintiff asserts that the defendant has purposely availed itself of the privilege of acting within the Commonwealth of Pennsylvania. It is undisputed that the defendant has not maintained any physical presence in Pennsylvania. However, where there has been mail and wire communication with persons in the state, it is not necessary that the defendant have been physically present. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). Plaintiff has shown that the defendant knowingly entered into a relationship with a Pennsylvania publisher which has lasted over three years, and knew or should have known that the magazine would be published in Pennsylvania. However, all negotiations leading up to the contract, and the actual formation of the contract, took place in Texas. The plaintiff's representatives (Monger & Waterhouse, of Atlanta, Georgia) travelled to Texas to negotiate the contract. The plaintiff does not cite any special circumstances such as a choice of law provision in the contract, or a contractual requirement that the magazine be published in Pennsylvania. The advertisements in issue here were directed towards a national audience. Payments were admittedly mailed to Pennsylvania, as were advertising company and "space reservation" forms. However, this was at the request of the plaintiff, which

had sole control of where it conducted its business and could have required that the payments be sent elsewhere.

Plaintiff places heavy reliance on the recent Supreme Court decision in *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), in which the Court found jurisdiction over a nonresident defendant, a Burger King franchisee. The facts of *Rudzewicz* are clearly distinguishable from the present case. The defendant had *voluntarily* accepted the "long-term and exacting regulation of his business from Burger King's Miami headquarters." 471 U.S. at 480, 105 S.Ct. at 2186. The contract documents provided that operations were to be supervised from Florida. *Id.* The contract contained a choice of law provision that Florida law would govern. *Id.* at 481, 105 S.Ct. at 2187.[2] The defendant had agreed to contractual terms which permanently established a relationship between the contract and the forum state.

More relevant to the present case is *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61 (3d Cir.1984), which involved a contract between a Pennsylvania corporation and a nonresident defendant. The court emphasized the need to focus on the *voluntary* acts of the defendant. 735 F.2d at 65. The contract contained a choice of law provision. The plaintiff alleged that the contract was to be performed, at least in substantial part, in the plaintiff's Pennsylvania office (where promotional campaign would be designed). The court held that this alone was insufficient to establish that the defendant could foresee economic impact in the Commonwealth.[3]

Judge Troutman's recent opinion in *De-Vault of Delaware, Inc. v. Omaha Public Power Dist.,* 633 F.Supp. 374 (E.D.Pa. 1986), is extremely helpful. The court considered the issue of specific jurisdiction in

---

**2.** While the court noted that a choice of law provision would not, alone, establish jurisdiction, it was a significant consideration.

**3.** At least one of the defendants in the case had sent an airplane to Pennsylvania to take prospective customers to a Maryland resort, and

had run an ad in a Philadelphia newspaper. The court held that the alleged injuries did not arise out of these acts, and therefore these acts (even if proven) could not be the basis for specific jurisdiction.

the light of the *Rudzewicz* decision, and in a factual setting directly parallel to that in the present case. *DeVault* arose out of a contractual dispute concerning the construction of a derrick. As in the present case, the contract was silent as to place of performance. It was executed by the plaintiff in Pennsylvania, but by the defendant in Nebraska. The contract did not contain a choice of law provision. The plaintiff argued that specific jurisdiction existed because the defendant knew, or should have known, that the derrick would be constructed in Pennsylvania. Applying *Rudzewicz*, Judge Troutman noted that the focus must not be merely the foreseeability of causing injury within the forum.

> Rather, the focus of the analysis is whether the defendant, by its conduct and connection with the forum state, should reasonably anticipate being haled into court there. Stated in another manner, a defendant may not be subjected to a state's jurisdiction solely as a result of 'random', 'fortuitous', or 'attenuated' contacts. The plaintiff's argument that, because the defendant knew that a breach of the contract would have harmful consequences within Pennsylvania, it may be subjected to the personal jurisdiction of this State is, therefore, without merit. While such knowledge on the defendant's part is relevant, it is but a piece of a much larger puzzle.

*Id.* at 376 (citations omitted). Judge Troutman concluded that "[a]lthough the defendant 'in a sense caused the activity in [Pennsylvania] by placing the order, the contract between the parties left [the plaintiff] in absolute control over where it would conduct that activity, and it made this decision and conducted the activity unilaterally.'" *Id.* at 377 (quoting *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., Inc.*, 597 F.2d 596, 603 (7th Cir.1979) *cert. denied*, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980)."

The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. *Burger*

*King v. Rudzewicz*, 471 U.S. at 474–75, 105 S.Ct. at 2183–84; *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The facts of the present case show nothing more than unilateral activity by the plaintiff in requiring that payments and orders be mailed to it in Pennsylvania, and in publishing the magazine there. The mere fact that the defendant knew (or should have known) that the plaintiff was a Pennsylvania publisher is not such a connection that this defendant should have reasonably expected to be haled into court in Pennsylvania.

The notion to dismiss will therefore be granted.