David C. PENNEBACKER, Plaintiff,

v.

WAYFARER KETCH CORPORATION, Defendant.

Civ. A. No. 90–6472.

United States District Court, E.D. Pennsylvania.

April 17, 1991.

Oldrich Foucek, III, Tallman, Hudders & Sorrentino, Allentown, Pa., for plaintiff.

Laurence Shtasel, Philadelphia, Pa., Robert N. Schwartz, New York City, for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an action for wrongful discharge and defamation brought by a pilot formerly employed by defendant Wayfarer Ketch Corporation ("Wayfarer"). Defendant has filed a motion to dismiss for, *inter alia,* lack of *in personam* jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons stated below, I grant de-

fendant's motion to dismiss for lack of jurisdiction.

## I.

◾ Plaintiff bears the burden of demonstrating that the defendant has contacts sufficient with the forum state to provide *in personam* jurisdiction. *Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357 (3d Cir.1985). Generally, when the pleading and affidavits are relied upon to meet this burden, the plaintiff succeeds by establishing a *prima facie* showing of facts supporting jurisdiction. *La Rose v. Sponco Mfg. Inc.*, 712 F.Supp. 455 (D.N.J.1989).[1] Factual discrepancies created by affidavits are generally resolved in favor of the non-moving party, bearing burden of establishing jurisdiction. *Id.* at 458. An affidavit accompanies defendant's motion, and another affidavit was submitted with defendant's reply memorandum of law. Plaintiff submitted an affidavit with his response to defendant's motion.

## II.

After reviewing the pleadings and affidavits relevant to this motion, I conclude that no material discrepancies exist. Turning first to plaintiff's complaint, a single reference to Pennsylvania appears; plaintiff is a citizen of Pennsylvania (Plaintiff Complaint ¶ 1). Regarding defendant, plaintiff alleges that Wayfarer is a New York corporation having a principal place of business at Westchester County Airport, New York. (Plaintiff Complaint ¶ 2).

By way of affidavit, plaintiff avers that he was hired as a First Officer by Wayfarer through an employment agency located in Fairfield, Connecticut. (Plaintiff Affid. ¶ 7). Plaintiff asserts that he underwent testing and evaluation for this position in Connecticut. (Plaintiff Affid. ¶ 10). In contrast, defendant alleges that plaintiff was interviewed by Wayfarer personnel at its office in Hangar G at the Westchester County Airport in New York (Defendant Affid. ¶ 3) and eventually underwent a medical examination in New York City by a doctor hired by defendant (Defendant Affid. ¶ 3 and Exhibit A, Letter from Henry M. Selby, M.D.) This contradiction is insignificant because the parties agree that these aspects of the hiring process that led to plaintiff's employment with defendant took place outside of the Commonwealth of Pennsylvania.

Plaintiff avers that defendant called plaintiff at his home in Pennsylvania to offer him employment (Plaintiff Affid. ¶ 12), that he received a letter from defendant confirming his employment (Plaintiff Affid. ¶ 13), and that he was discharged by a Wayfarer official during a telephone conversation placed to plaintiff's home in Pennsylvania. (Plaintiff Affid. ¶ 40) These statements are uncontested.

During his fourteen months of employment, plaintiff was assigned to work out of the Westchester Airport office of defendant, where he was assigned to flights and flew as a First Officer. (Defendant Affid. ¶ 4) During this period plaintiff alleges he received by mail at least half of his paychecks at his home in Pennsylvania. (Plaintiff Affid. ¶ 21) Defendant asserts that Wayfarer distributes paychecks at the office located at the Westchester Airport unless the payroll department is provided written instructions by an employee requesting his or her paycheck be deposited directly into a specified bank account or be mailed to a particular address. (Defendant Reply Affid. ¶ 4) Plaintiff never requested either of these alternatives. His paycheck was forwarded to the Westchester office and, if mailed to his home, was done so as a result of a request by plaintiff to some individual to mail it as a favor. (Defendant Reply Affid. ¶ 4).

Plaintiff asserts that during his employment with Wayfarer he flew one charter flight into Pennsylvania (Plaintiff Affid. ¶ 22), though Wayfarer flew charter aircraft for hire in and out of Pennsylvania on approximately twenty to thirty occasions. (Plaintiff Affid. ¶ 23) Similarly, plaintiff asserts that defendant has several customers with facilities located in Pennsylvania

---

1. I note that neither party has requested an evidentiary hearing to resolve any factual disputes concerning defendant's contacts with the forum state.

and provides air transportation to employees and guests of these customers including "numerous flights into and out of Pennsylvania." (Plaintiff Affid. ¶¶ 25 & 26) Finally, plaintiff states that for the last fifteen years defendant has had its helicopter serviced at least twice a year by a firm located in Phoenixville, Pennsylvania. (Plaintiff Affid. ¶ 27)

Defendant underscores that plaintiff's residence in Pennsylvania during his employment with defendant was not a factor in hiring in or determining job assignments. (Defendant Affid. ¶ 5) Also, defendant recites several material facts as follows:

1. Wayfarer has no office outside New York, and has no office or other facilities in the Commonwealth of Pennsylvania.

2. Wayfarer is licensed to do business in the State of New York and is not licensed to do business in Pennsylvania.

3. Wayfarer has not consented to be sued, and has never designated an agent for service of process, in the Commonwealth of Pennsylvania.

4. Wayfarer maintains no assets, bank accounts, sales representatives, or employees in the Commonwealth of Pennsylvania. Wayfarer has neither incurred nor paid taxes in the Commonwealth of Pennsylvania.

5. Wayfarer has no listing in any telephone directory and does not advertise in Pennsylvania.

6. Wayfarer conducts no regularly scheduled flights into or out of Pennsylvania. However, on occasion, a Wayfarer charter flight, or a flight staffed by Wayfarer, will land in Pennsylvania in order to service a particular customer request. During the period of plaintiff's employment with defendant, one percent of Wayfarer's flights landed in Pennsylvania.

### III.

■ The law of determining whether a court may exercise personal jurisdiction over a non-resident defendant is cast in terms of fairness to the defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (defendant must have minimum contacts with the forum state so that "the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*) Under the due process clause of the United States Constitution, a non-resident is not susceptible to an exercise of personal jurisdiction unless there are certain minimum contacts between the defendant and the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Hence, a court must query whether "the quality and nature of the defendant's activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state." *Kulko v. Superior Court of California*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316–17, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1940)).

■ Personal jurisdiction may be established by either demonstrating that this cause of action arose specifically from defendant's particular activities within the forum state (referred to a "specific jurisdiction") or that defendant engaged in "continuous and systematic" contacts with the forum state, Pennsylvania ("general jurisdiction"). *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539 (3d Cir. 1985); *La Rose v. Sponco Mfg. Inc.*, 712 F.Supp. 455 (D.N.J.1989).

■ Under specific jurisdiction, a non-resident defendant is subjected to personal jurisdiction if it falls within the ambit of the Pennsylvania Long Arm Statute, 42 Pa.C.S.A. Section 5322(b) (Purdon 1981) which allows a court to exercise jurisdiction over a person "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." In *Proctor & Schwartz v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974), the Pennsylvania Supreme Court established a tripartite test requiring a plaintiff asserting specific jurisdiction over a non-resident defendant to demonstrate: (1) the defendant purposefully

availed itself of the privilege of acting within Pennsylvania thus invoking the benefits and protections of its laws; (2) that the cause of action arises from defendant's activities within Pennsylvania; and (3) that the defendant must have a substantial enough connection with Pennsylvania to make the exercise of jurisdiction over it reasonable. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984).

■ After reviewing carefully the averments of plaintiff's complaint and affidavit I find no basis for exercising *in personam* jurisdiction over the defendant under a specific jurisdiction theory. In particular, plaintiff's complaint is noteworthy only because it is bereft of references to defendant contacts with Pennsylvania. Plaintiff's affidavit strives to make headway by relying on telephone calls placed and correspondence mailed from New York to Pennsylvania. However, the elements of the *Proctor* test have not been met.

Defendant's conduct in hiring and firing plaintiff by placing telephone calls into Pennsylvania from out-of-state do not satisfy this requirement. *Colmen Financial Services v. Charter Equipment Leasing Corp.*, 708 F.Supp. 664 (E.D.Pa.1989) (placing of some forty telephone calls into Pennsylvania by out-of-state defendant as part of contract negotiations does not justify assertion of specific jurisdiction); *Rogers v. Icelandair/Flugleider, International*, 522 F.Supp. 670 (E.D.Pa.1981) (out-of-state mailing of termination notice to plaintiff was inadequate basis for specific jurisdiction). *Baron & Co., Inc. v. Bank of New Jersey*, 497 F.Supp. 534 (E.D.Pa.1980) ("I fail to see how making phone call and mailing checks constitutes an invocation by defendant of the protection of Pennsylvania law." *Id.* at 538). Also, plaintiff acknowledges that the evaluation and interview leading up to defendant's offer of employment all took place outside of Pennsylvania, further undermining the employment negotiations as a basis for jurisdiction. *See Gagner v. Parsons & Whittemore, Inc.*, 450 F.Supp. 1093 (E.D.Pa.1978).

Finally, plaintiff's decision to live in Pennsylvania while employed by defendant and receive some of his paychecks at his home address in Pennsylvania are essentially unilateral decisions on his part for his own convenience which cannot provide a basis of jurisdiction. *Rodale Press, Inc. v. Submatic Irrigation Sys., Inc.*, 651 F.Supp. 208 (E.D.Pa.1986). ("The unilateral activity of those who claim some relationship with a nonresident cannot satisfy the requirement of contact with the forum state." *Id.* at 211).

■ Plaintiff's cause of action provides no basis for *in personam* jurisdiction. Neither the claim of wrongful discharge from employment nor defamation makes any reference to Pennsylvania or a fact occurring in Pennsylvania. In his affidavit, plaintiff recites a single instance when he flew into Pennsylvania during the course of his employment with defendant. (Plaintiff Affid. ¶ 22) However, this flight was uneventful and in no way contributed to his discharge. Also, as pointed out, plaintiff's decision to live in Pennsylvania is irrelevant to his job duties, assignments, and performance. It cannot be said that plaintiff's cause of action arises from defendant's activities within Pennsylvania. Indeed, plaintiff has failed to meet his *prima facie* burden in establishing specific jurisdiction based on defendant's forum related activities.

■ To succeed in establishing general personal jurisdiction based on non-forum related activities, plaintiff must show the defendant's business activities within the Commonwealth of Pennsylvania are so "continuous and substantial as to make it reasonable for the state to exercise such jurisdiction." *Gavigan v. Walt Disney World, Inc.*, 646 F.Supp. 786 (E.D.Pa.1986) (quoting *Bork v. Mills*, 458 Pa. 228, 231, 329 A.2d 247, 249 (1974)); *See Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539 (3d Cir.1985); 42 Pa.C.S.A. § 5301(a)(2)(iii). Here, plaintiff relies on defendant's decision to have its helicopter serviced semi-annually in Pennsylvania and to accommodate customer requests for flights into and out of Pennsylvania. The

helicopter servicing trips into Pennsylvania are infrequent at best and do not represent a substantial contact. Similarly, defendant's flights into Pennsylvania do not bolster plaintiff onto safe ground. These flights are neither regular nor scheduled, but depend upon whether a customer requests this service. By its very nature this is not a continuous contact, but is infrequent and sporadic. It is uncontested that defendant's flights into Pennsylvania constitute one percent of Wayfarer's total number of flights.[2]

In *Rogers v. Icelandair/Flugleider, International*, 522 F.Supp. 670 (E.D.Pa.1981) I addressed the issue whether an airline's flights into and out of Pennsylvania constituted an adequate basis for general *in personam* jurisdiction. There, plaintiffs, former pilots and flight engineers, alleged a breach of employment contract claim against defendant, an airline. Defendant moved to dismiss the complaint for lack of personal jurisdiction and asserted, *inter alia*, that it "conducts no regularly scheduled flights into or out of Pennsylvania, but occasionally conducts charter or unplanned diversion flights into or out of Pennsylvania." *Id.* at 672. Ultimately, I held that the defendant's contacts with Pennsylvania ("a WATS telephone number to a location outside of Commonwealth and occasional charter flights and unplanned diversions" *Id.* at 673) were insufficient to support an exercise of jurisdiction.

I am not persuaded that my reasoning in *Rogers* should not apply equally here. Like the defendant in *Rogers*, Wayfarer avails itself of the occasional use of Pennsylvania airport facilities. Moreover, in *Rogers* I viewed the defendant's listing of a WATS telephone number in Pennsylvania as insufficient, in conjunction with the occasional flights into and out of Pennsylvania, to establish jurisdiction. It can hardly be gainsaid that the semi-annual servicing of defendant's helicopter in Pennsylvania is

a more substantial connection to Pennsylvania than the continuous operation of a WATS telephone line. Hence, I conclude that plaintiff has failed to met its burden in establishing that defendant maintained "continuous and substantial" business activities sufficient to support the exercise of general *in personam* jurisdiction over defendant.

In light of my ruling in favor of defendant on this issue I do not consider any other issue raised in defendant's motion.

---

**2.** Defendant also notes that if measured against overall flight time, the flight time of defendant's flights landing in Pennsylvania represents a percentage smaller than one percent, as does the percentage of revenues generated for defendant by flights into Pennsylvania. Def. Memorandum of Law at p. 17, n. 6.