James L. **ROMANN**

v.

**GEISSENBERGER MANUFACTURING CORP., t/a The Robert Group and Leonard Geissenberger.**

No. 94–CV–3325.

United States District Court, E.D. Pennsylvania.

Oct. 20, 1994.

---

Barnett Satinsky, Jeffrey P. Scarpello, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for plaintiff.

Andrew Fylypovych, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This is a breach of contract action brought under diversity jurisdiction in which defendants have moved to dismiss plaintiff's complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In the alternative, defendants ask the Court to dismiss the case for lack of proper venue under Rule 12(b)(3), or to transfer it to the District of New Jersey, Newark Division, pursuant to 28 U.S.C.A. §§ 1404(a), 1631 (West 1994). For the following reasons, this Court concludes that it cannot take personal jurisdiction over either defendant. In the interests of justice, how-ever, defendants' motion to dismiss the complaint will be denied and its motion to transfer will be granted. Given our disposition, we need not address the defendant's contention that this Court is an improper venue for this action.

## I. HISTORY OF THE CASE

The plaintiff in this case is James Romann, a Pennsylvania resident who worked as a commissioned salesman for the defendant Geissenberger Manufacturing Corporation (GMC) until he was fired in April of 1994. GMC is a New Jersey corporation that operates under the trade name of The Robert Group. Defendant Leonard Geissenberger, a New Jersey resident, is GMC's president and chief executive officer and a New Jersey resident. Mr. Romann's complaint alleges that GMC failed to pay him more than $50,-000 in sales commissions, and in the process, GMC not only breached an oral contract it had with Mr. Romann, but also violated Pennsylvania's Wage Payment and Collection Law, 43 Pa.Cons.Stat.Ann. §§ 260.1–301 (1994). Mr. Romann also requests an order declaring a post-employment no-compete agreement void on various grounds.

The defendants respond by arguing that this Court cannot properly exercise its personal jurisdiction under the given circumstances. Mr. Geissenberger argues he has no contacts with Pennsylvania, while GMC contends that, although it is qualified to do business under Pennsylvania law, it has had only *de minimus* contacts with Pennsylvania, does relatively little business in the commonwealth, and maintains no offices or facilities here. In an affidavit, Mr. Geissenberger avers that between two and four percent of GMC's sales, and ten percent of Mr. Romann's sales, were made to Pennsylvania customers. He also states that Mr. Romann had an office at the GMC facilities in New Jersey, that he received telephone calls there in person and by voice mail, and that Mr. Romann's paychecks and expense reimbursements were generated from New Jersey.

Mr. Romann contends that the exercise of personal jurisdiction over defendants is warranted because he spent thirty to forty percent of his time generating Pennsylvania

business while a GMC employee, he maintained an office in Pennsylvania dedicated solely to his GMC affairs, he received his paychecks in Pennsylvania and spent ninety-five percent of his administrative time working out of his Pennsylvania office. In addition, GMC paid his Pennsylvania office telephone bills as well as other expenses and costs associated with his Pennsylvania office. As evidence of GMC's presence in the state, Mr. Romann avers that GMC is registered to do business in Pennsylvania and has sold and shipped GMC products into the commonwealth. He further states that GMC's national sales manager is a Pennsylvania resident who works substantially out of a Pennsylvania office, and that Mr. Romann and the national sales manager communicated extensively between their Pennsylvania offices about GMC business. Finally, as evidence of the extent of GMC's Pennsylvania business, Mr. Romann attaches to his motion a copy of a non-competition agreement between GMC and another former employee that includes Pennsylvania among the places in which competing conduct is prohibited.

## II. *DISCUSSION*

### A. *Rule 12(b)(2) Standard*

A court must analyze the plaintiff's allegations drawing all reasonable inferences in the plaintiff's favor when reviewing a Rule 12(b)(2) motion. *Bucks County Playhouse v. Bradshaw,* 577 F.Supp. 1203, 1206 (E.D.Pa. 1983) (citation omitted). However, once the plaintiff's assertion of personal jurisdiction has been challenged, he bears the burden of demonstrating a jurisdictional predicate by competent proof. *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). In other words, the plaintiff must prove with "reasonable particularity that sufficient contacts to support jurisdiction exist between the defendant and the forum state." *Massachusetts Sch. of Law v. American Bar Ass'n,* 846 F.Supp. 374, 377 (E.D.Pa.1994). In the instant proceeding, therefore, because defendants have interposed a jurisdictional challenge, Mr. Romann must bring forward sufficient evidence to allow this Court to exercise personal jurisdiction over these defendants.

### B. *Personal Jurisdiction*

A federal district court must apply the laws of the state in which it sits in determining whether it may properly exercise personal jurisdiction over a non-resident defendant. *Bucks County Playhouse,* 577 F.Supp. at 1206 (citation omitted). Under Pennsylvania law, a state court may exercise personal jurisdiction pursuant to either the provision on general personal jurisdiction, 42 Pa.Cons.Stat.Ann. § 5301 (1994) ("section 5301"), or the provision on specific personal jurisdiction, 42 Pa.Cons.Stat.Ann. § 5322 (1994) ("section 5322"). *Jaffe v. Julien,* 754 F.Supp. 49, 52 (E.D.Pa.1991). These so-called "long-arm statutes" apply only to the extent permitted by the Due Process clause of the Fourteenth Amendment. *Fields v. Ramada Inn, Inc.,* 816 F.Supp. 1033, 1035 (E.D.Pa.1993); 42 Pa.Cons.Stat.Ann. §§ 5308, 5322(b). Thus, "the court's exercise of personal jurisdiction over ... nonresident defendants is proper so long as there is no violation of due process." *Fields,* 816 F.Supp. at 1035–36 (citing *Mellon Bank PSFS, N.A. v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992)).

#### 1. *General Personal Jurisdiction*

The Pennsylvania provision on general personal jurisdiction provides in relevant part:

(a) General Rule.—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:

(1) Individuals.—

(i) Presence in this Commonwealth at the time when process is served.

(ii) Domicile in this Commonwealth at the time when process is served.

(iii) Consent, to the extent authorized by consent.

(2) Corporations.—

(i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.

(ii) Consent, to the extent authorized by the consent.

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa.Cons.Stat.Ann. § 5301 (1994). The Pennsylvania statute further provides that the exercise of jurisdiction is proper "only where the contact with this Commonwealth is sufficient under the Constitution of the United States." 42 Pa.Cons.Stat.Ann. § 5308 (1994). Thus, Pennsylvania permits the exercise of *in personam* jurisdiction only in those cases where the defendant has "systematic and continuous" contacts with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945).

### a. *General Jurisdiction over GMC*

Mr. Romann contends that general personal jurisdiction should be established over GMC merely because GMC has registered to do business in Pennsylvania. While Section 5301(a)(2)(i) appears to grant general jurisdiction on that basis, due process requirements, as noted above, limit the exercise of general jurisdiction to cases where a corporation has "systematic and continuous" contacts with the forum state. Moreover, the cases upon which plaintiff relies do not support the notion that a court may exercise its personal jurisdiction solely on the basis of corporation's registration or qualification to do business in Pennsylvania.

■ In one such case, *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir.1991), the U.S. Court of Appeals for the Third Circuit held that a district court could properly exercise its personal jurisdiction over a non-resident defendant solely on the basis of the defendant's registration in the Commonwealth. The Third Circuit concluded that registration could be equated with consent to jurisdiction under section 5301(a)(2)(ii). *Id.* at 641. The *Bane* court, however, reached its decision by applying Pennsylvania's former registration statute, which required a registered corporation to designate the secretary of state as an agent who may be served on behalf of the corporation.[1] *Id.* at 640. The current statute, applicable to the instant action, does not require express consent to service of process. As a result, *Bane* does not support the plaintiff's position. In light of the Pennsylvania legislature's decision to repeal its registration statute, this Court cannot exercise general personal jurisdiction over GMC solely on the basis of its voluntary registration and qualification to do business in Pennsylvania.

■ A second basis for exercising general personal jurisdiction over a non-resident corporation is to demonstrate that the defendant conducted "a continuous and systematic part of its general business" in forum state. § 5301(a)(2)(iii); *Fields*, 816 F.Supp. at 1036; *Derman v. Wilair Services, Inc.*, 404 Pa.Super. 136, 148, 590 A.2d 317, 323, *appeal denied*, 529 Pa. 621, 600 A.2d 537 (1991). In order to satisfy due process requirements, therefore, a corporation's contacts must be "extensive and pervasive," amounting to a purposeful availment of the " 'privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.' " *Fields*, 816 F.Supp. at 1036 (citations omitted).

■ There is no established test to determine whether a corporation's activities are "continuous and systematic." *Derman*, 404 Pa.Super. at 148, 590 A.2d at 323. As a result, a court must proceed by evaluating of the facts of each case. For example, in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the Supreme Court held that a Texas court could not exercise general

---

**1.** Paragraph (6) of the now-repealed statute, 42 Pa.Cons.Stat.Ann. § 2004, required the registering corporation to expressly designate "the Secretary of the Commonwealth and his successor in office as the true and lawful attorney of the corporation upon whom all lawful process in any action against it may be served...." Paragraph (6) was repealed in 1978; the remainder of the section was repealed in 1988. *See* Historical and Statutory Notes, 42 Pa.Cons.Stat.Ann. §§ 2001–2007 (repealed). The subject matter of the repealed provisions is now contained in 15 Pa.Cons.Stat.Ann. § 4124 (1994), which became effective Oct. 1, 1989.

jurisdiction over a Colombian defendant because his activities did not constitute continuous and systematic business contacts with the state even though the defendant had purchased eighty percent of its helicopters and more than $4 million in parts and accessories in Texas and had sent personnel to train in Texas. In contrast, an out-of-state bank with less than 0.1% of its deposits, depositors, and outstanding loans in Pennsylvania was subject to general personal jurisdiction because the nature of its activity in Pennsylvania—daily wire transfers of funds from the state—was held to be "continuous and systematic." *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.,* 819 F.2d 434 (3d Cir.1987). Thus, it is the overall nature of the activity, rather than its quantitative character, that determines whether a Court may have general personal jurisdiction.

This Court has stated that "general jurisdiction is usually found 'where a non-resident defendant makes a substantial number of direct sales in the forum, solicits business regularly and advertises in a way specifically targeted at the forum market.'" *Modern Mailers v. Johnson & Quin, Inc.,* 844 F.Supp. 1048, 1054 (E.D.Pa.1994) (quoting *Strick Corp. v. A.J.F. Warehouse Distribs., Inc.,* 532 F.Supp. 951, 956 (E.D.Pa.1982)). Applying this analysis, this Court found that the defendant corporation's contacts with Pennsylvania were not "continuous and systematic" although the corporation had made $230,000 worth of direct sales to Pennsylvania (less than 0.5% of its total sales), and its salespersons had solicited orders in the state. Of greater significance was the fact that many of the orders were unsolicited, the corporation did not regularly solicit sales, and there was no evidence that the corporation "advertised in a way specifically targeted at Pennsylvania." *Id.*[2]

■ Applying these principles to the case at hand, this court is not persuaded that GMC acted to establish sufficient "continuous and systematic" contacts with Pennsylvania to be subject to the general personal jurisdiction of this Court. First, the record reflects that only two to four percent of GMC's sales occurred in Pennsylvania. Such a figure is hardly reflective of the type of "extensive and pervasive" contact required by the *in personam* jurisdiction standard. *Fields,* 816 F.Supp. at 1036 (citation omitted). This conclusion is especially warranted under circumstances, such as these, where there has been no evidence to show that GMC advertises or otherwise promotes its products in a way specifically targeted at Pennsylvania. *Modern Mailers,* 844 F.Supp. at 1054.

As noted above, GMC's qualification to do business in the commonwealth, standing alone, does not amount to continuous and systematic business activity. Moreover, although Mr. Romann and GMC's national sales manager reside in Pennsylvania, there is no evidence to suggest that GMC either required or encouraged Mr. Romann to reside in Pennsylvania as a condition of employment. The unilateral decisions of Mr. Romann and the national sales manager to

2. *See also Pennebacker v. Wayfarer Ketch Corp.,* 777 F.Supp. 1217, 1222 (E.D.Pa.1991) (no general jurisdiction although defendant airline had equipment serviced in Pennsylvania twice a year, operated charter flights occasionally to and from the state, and had a toll-free telephone listing in the state); *Keystone Helicopter Corp. v. Aviation Materials, Inc.,* No. 89–4804, 1990 WL 126160. (E.D.Pa. Aug. 27, 1990) (no general jurisdiction where defendant corporation was not incorporated or qualified as foreign corporation in Pennsylvania, had no agents or officers in state and never targeted customers nor advertised in state); *Bucks County Playhouse,* 577 F.Supp. at 1209 (no general jurisdiction where defendant's only contacts were three telephone calls, the mailing of a picture, a contract and one telegraphic communication); *Derman,* 404 Pa.Super. at 150–51, 590 A.2d at 324 (no general jurisdiction where defendant had no employees who resided or were based in Pennsylvania, did not advertise or maintain a mailing address in state, and where a small portion of total business (1.5%) was conducted in state); *Skinner v. Flymo, Inc.,* 351 Pa.Super. 234, 249–50, 505 A.2d 616, 624–25 (1986) (no continuous and systematic activity where defendant was not incorporated, paid no taxes, did not advertise or maintain offices, had no officers, agents, salesmen or representatives and was not qualified to do business in Pennsylvania); *Plymouth Yarn Co. v. Monarch Enter.,* No. 86–1408, 1986 WL 12142 (E.D.Pa. Oct. 28, 1986) (no general jurisdiction over nonresident corporation although corporation purchased and sold goods to and from Pennsylvania and had a Maryland sales representative who included Pennsylvania in territory).

reside in Pennsylvania and receive paychecks there do not constitute purposeful contacts by GMC, and cannot serve as the basis for the exercise of personal jurisdiction over Mr. Romann's employer. *See Rodale Press, Inc. v. Submatic Irrigation Systems, Inc.,* 651 F.Supp. 208, 211 (E.D.Pa.1986) (unilateral activity of those who claim some relationship with non-resident defendant cannot satisfy the requirement of contact with the forum state). The Court reaches the same conclusion with respect to the Pennsylvania offices maintained by Mr. Romann and the national sales manager.[3] The record suggests that these offices were maintained for the convenience of their occupants, and not as some purposeful availment by GMC of the privilege of conducting business in Pennsylvania.

Finally, the non-competition clause does not provide a basis for general jurisdiction in the instant proceeding. Mr. Romann argues GMC must do significant business in Pennsylvania if Pennsylvania is among the locales that is listed in the non-competition clause. The states listed in the non-competition clause, however, are not GMC's assessment as to the states with which it has substantial and continuous contacts. Instead, these jurisdictions represent the places from which GMC anticipates that its competition will originate. Indeed, the non-competition clause also prohibits former employees from competing with GMC in Maryland, the District of Columbia and Virginia—and there is no evidence that GMC does any business in those jurisdictions. Accordingly, this court cannot exercise general personal jurisdiction over GMC.

### b. *General Jurisdiction Over Leonard Geissenberger.*

 In order to be subject to the general personal jurisdiction of a Pennsylvania court, an individual must consent to such jurisdiction, or be present or domiciled in the state when process is served. 42 Pa.Cons.Stat. Ann. § 5301(a)(1) (1994). It is evident that Mr. Geissenberger has not consented to jurisdiction. He is a New Jersey resident and was served in New Jersey. Therefore, he cannot be subject to the general personal jurisdiction of this Court.

The Court need not address Mr. Romann's argument that Mr. Geissenberger is subject to general jurisdiction because of his dominant role as an officer of GMC. Such an argument predicates jurisdiction over Mr. Geissenberger on his personal liability for the acts of GMC. Because the acts of GMC are insufficient to establish general personal jurisdiction, it follows that jurisdiction cannot be exercised over Mr. Geissenberger based upon the same acts.

### 2. *Specific Jurisdiction*

 Specific personal jurisdiction arises from a defendant's activities in the forum state that relate to the particular cause of action being litigated. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73, 105 S.Ct. 2174, 2181–83, 85 L.Ed.2d 528 (1985) (citing *Helicopteros,* 466 U.S. at 414, 104 S.Ct. at 1872 (1984)). A court can properly exercise specific jurisdiction when the defendant has purposefully established "minimum contacts" with the forum state such that he would reasonably anticipate being haled into court there. *Id.* at 474, 105 S.Ct. at 2183 (citing *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158; *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 580, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)).

The Pennsylvania long-arm statute, 42 Pa. Cons.Stat.Ann. § 5322(a) (1994), provides for specific personal jurisdiction only over those out-of-state actors who have engaged in designated activities from which the cause of action arises.[4] Similar to general jurisdic-

---

3. Based on the addresses provided in the record, Romann's office is in his home.

4. The statute provides in relevant part:
 A tribunal of this Commonwealth may exercise personal jurisdiction over a person [or representative] who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. . . .

\* \* \* \* \* \*

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

tion, specific jurisdiction in Pennsylvania is subject to due process requirements. The statute states that it "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." § 5322(b); *Pennebacker v. Wayfarer Ketch Corp.*, 777 F.Supp. 1217, 1220–21 (E.D.Pa.1991).

### a. *Specific Jurisdiction over GMC*

■ Assuming GMC's alleged contacts comport with one or more of the activities listed in section 5322(a), the Court concludes that GMC has not established the necessary minimum contacts to warrant the exercise of specific jurisdiction. The existence of GMC's employment contract with a Pennsylvania resident does not constitute a sufficient contact with the commonwealth. In *Burger King*, 471 U.S. at 478, 105 S.Ct. at 2185, the Supreme Court stressed that the mere existence of a contract with an out-of-state defendant does not, by itself, establish sufficient minimum contacts to satisfy due process requirements. Consideration of the parties' prior negotiations, their actual course of dealing and the terms of the contract itself must be analyzed in order to determine whether the defendant has established the requisite minimum contacts with the forum state. *Id.; see also Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476 (3d Cir.1993) (exercise of personal jurisdiction predicated upon numerous telephone communications and negotiations with an agent within the forum state).

Further, Mr. Romann has failed to show that the alleged oral agreement governing his commissions established sufficient minimum contacts between GMC and Pennsylvania. The Pennsylvania long arm statute makes it clear that the contacts upon which a plaintiff relies must relate to the cause of action. This proceeding arises out of the alleged breach of an employment contract. The contacts upon which Mr. Romann relies, however, concern the amount of business that GMC conducts in Pennsylvania, its qual-

ification to do business in the commonwealth, and the GMC agents who reside and work in Pennsylvania. Mr. Romann has failed to demonstrate how these contacts relate to this cause of action. As a result, this court cannot take specific personal jurisdiction over GMC.

### b. *Specific Jurisdiction Over Leonard Geissenberger*

■ For similar reasons to those expressed above, this Court cannot exercise specific jurisdiction over Mr. Geissenberger. There has been no evidence that Mr. Geissenberger in his individual capacity has had any contacts with Pennsylvania related to the instant action. To the extent that Mr. Geissenberger is subject to jurisdiction by virtue of his official capacity of chairman of GMC, he cannot have sufficient minimum contacts because GMC itself does not have sufficient minimum contacts for specific jurisdiction.

### C. *Motion to Transfer*

■ Having decided that this Court cannot take personal jurisdiction over these defendants, the final issue to determine is whether to transfer the case to the United States District Court for the District of New Jersey, Newark Division. In the interest of justice, a federal district court may cure want of jurisdiction by transferring a case "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred...." 28 U.S.C.A. § 1631 (West 1994). Further, 28 U.S.C. § 1404(a) allows a district court to "transfer any civil action to any other district or division where it might have been brought." This court has held that the power to transfer a case to another district exists even where the court cannot exercise personal jurisdiction over the defendant. *Founds v. Shedaker*, 278 F.Supp. 32, 33 (E.D.Pa.1968).

---

(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

. . . . .

42 Pa.Cons.Stat.Ann. § 5322(a) (1994).

In deciding whether it should exercise its authority to transfer, a district court has broad discretion. *Leonardo Da Vinci's Horse v. O'Brien,* 761 F.Supp. 1222, 1229 (E.D.Pa.1991) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955)). But while the district court has "broad discretion to decide whether to transfer an action, it is the burden of the moving party to justify the transfer." *Leonardo Da Vinci's Horse,* 761 F.Supp. at 1229 (citing *Plum Tree, Inc. v. Stockment,* 488 F.2d 754 (3d Cir.1973)). There are a number of factors, both public and private, that a court needs to examine when deciding whether to transfer a case. They include the following:

(1) Plaintiff's choice of forum;

(2) Relative ease of access to sources of proof;

(3) Availability of compulsory process for attendance of unwilling witnesses;

(4) Cost of obtaining attendance of willing witnesses;

(5) Possibility of viewing premises, if applicable;

(6) All other practical problems that make trial of a case easy, expeditious, and inexpensive; and

(7) "Public interest" factors, including the relative congestion of court dockets, choice of law consideration, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Leonardo Da Vinci's Horse,* 761 F.Supp. at 1229 (citing *Gulf Oil v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)).

Applying these factors to the case at bar, the Court holds that justice favors the transfer of this case to the United States District Court for the District of New Jersey, Newark Division. While Mr. Romann selected Pennsylvania as the forum, this Court does not have jurisdiction over either GMC or Mr. Geissenberger. Further, both plaintiff and defendant acknowledge that the majority of the evidence and witnesses are in New Jersey. Notions of fairness and convenience dictate that the case should be heard in New Jersey. Approximately 90% of plaintiff's sales took place in New Jersey and New York; thus, New Jersey is a much more convenient forum for those witnesses required to testify regarding plaintiff's alleged unpaid commissions. Compulsory process in Philadelphia might be very costly or impossible for these persons. The public interest factors also weigh in favor of transferring the case to New Jersey: it is clear that New Jersey has the most significant relation to this litigation. Thus, upon examination of these factors, this court concludes that the case should be litigated in New Jersey. Accordingly, the defendants' motion to transfer the case to the United States District Court for the District of New Jersey, Newark Division will be granted.

### III. *CONCLUSION*

For the foregoing reasons, this court cannot take personal jurisdiction over either defendant. The defendants' motion to dismiss the complaint is denied. However, in the interest of justice the motion to transfer the case to the United States District Court for the District of New Jersey, Newark Division is granted.